UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GERALD EVANS,

USDC Case No. _____

Plaintiff,

-vs-

State Court Case No. 18-169511-NI
Judge Michael Warren

JONATHON WILKINSON,
J. RAYL, INC. and
RYDER TRUCK RENTAL, INC.

Defendants.

_____

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441(b) and 1446, Defendants, Jonathon Wilkinson, J. Rayl, Inc. and Ryder Truck Rental, Inc., hereby remove this action from the Oakland County Circuit Court (Sixth Circuit), State of Michigan, where it is currently pending, to the United States District Court for the Eastern District of Michigan, Southern Division.

In support of their Notice of Removal, Defendants state:

## PROCEDURAL STATUS OF THE CASE

1.     On or about October 26, 2018, Gerald Evans commenced this action by filing a Complaint in the 6th Circuit Court, Oakland County, Michigan. The lawsuit was assigned case number 18-169511-NI.

2.     The 6th Circuit Court, Oakland County, Michigan, issued its summons on October 26, 2018.

3.     The Summons and Complaint were served upon Ryder Truck Rental, Inc., on or about November 9, 2018.

4.     The Summons and Complaint were served upon J. Rayl, Inc. and Jonathon Wilkinson on January 23 2019.

5.     In Evans' Complaint, a copy of which is attached as part of **Exhibit A**, Evans alleges he sustained personal injuries on July 7, 2018 when a motor vehicle he was driving collided with a 2014 International TR semi-truck owned by J. Rayl, Inc.

6.     The stated amount in controversy, exclusive of interest and costs, is in excess of $25,000.00.

7.     On December 20, 2018, Ryder Truck Rental, Inc. served Interrogatories and Requests to Admit upon Evans' attorney seeking to ascertain whether the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.  The relevant discovery requests and Evans' answers are as follows:

<div align="center">

**Request to Admit No. 1.**

</div>

     Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

Response:    Admitted.

## Request to Admit No. 2.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

Response: Denied for the reason it is untrue.

A copy of Evans' answers to the discovery requests are attached as Exhibit B.

8.      Evans' answers to the Requests to Admit were served upon Ryder Truck Rental, Inc.'s attorney on January 16, 2019.

9.      28 U.S.C. § 1446(b)(3) provides as follows:

> (3) Except as provided in subsection (c) if the case stated by the initial pleading is not removable a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

## PROPRIETY OF REMOVAL

10.     This Notice of Removal is timely because it is filed within 30 days after Ryder Truck Rental, Inc.'s receipt of a paper (responses to requests to admit) from which Defendants could ascertain that this case is one which is removable based upon the parties' diversity of citizenship and the requisite amount in controversy.

11.     This matter is properly removable under 28 U.S.C. § 1441(b).

12.     This Court has original jurisdiction of this action pursuant to 28 USC § 1332.  Evans is a citizen and resident of Detroit, Wayne County, Michigan

(Complaint, ¶ 1).  Jonathon Wilkinson is a resident of Akron, Summit County, Ohio. (Complaint, ¶ 2; see also Affidavit of Jonathon Wilkinson attached as Exhibit C).  J. Rayl, Inc. is incorporated in the State of Ohio with its principal place of business located in Akron, Ohio. (see Affidavit of Jeff Kahooilihala attached as Exhibit D). Ryder Truck Rental, Inc. is incorporated in the State of Florida with its principal place of business located in Miami, Florida. (see Affidavit of Jill Olds attached as Exhibit E).  Hence, Plaintiff is citizen of the state of Michigan and Defendants Wilkinson, J. Rayl, Inc. and Ryder Truck Rental, Inc. are citizens of foreign states.  Therefore, there is diversity of citizenship.  Plaintiff claims and is seeking damages, exclusive of interest or costs, in excess of $75,000.00.  See Evans' answers to Defendants' discovery requests attached as Exhibit B.   Therefore, the amount in controversy exceeds the required jurisdictional amount.

13.     Pursuant to 28 U.S.C. § 1446(a), Defendants have attached hereto as Exhibit F copies of all process, pleadings and orders served upon Defendants in this matter.

14.     Pursuant to 28 U.S.C. § 1446(a) and (d), Defendants will file a copy of this Notice of Removal with the 6th Circuit Court, Oakland County, Michigan; will provide prompt notice to all parties; and will file a proof of service of all

notices and filings with the Clerk of the United States District Court for the Eastern District of Michigan.

15. This action is removable to this Court pursuant to U.S.C. §§ 1441 and 1446 because it is within this Court's diversity jurisdiction.

**REQUEST FOR HEARING AND JURISDICTIONAL DISCOVERY**

16. If Evans contests this removal, Defendants request:

A. A hearing regarding this Court's jurisdiction over, and the propriety of removal of, this matter.

B. The opportunity to present evidence demonstrating the existence of diversity jurisdiction and the propriety of removal; and

C. Leave to conduct limited discovery related to those issues.

WHEREFORE, Defendants remove the above captioned action from the 6th Circuit Court, Oakland County, Michigan, to the United States District Court for the Eastern District of Michigan, Southern Division.

FOSTER SWIFT COLLINS & SMITH PC

By: _Dirk H. Beckwith_
Dirk H. Beckwith (P35609)
Attorneys for Defendants
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

Dated: February 12, 2019

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on February 12, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and the filing may be accessed through that system.

/s/ Jo Dickinson

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

      Plaintiff,

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL, INC.

      Defendants.

2018-169511-NI

Case No. 18-      -NI

Hon. JUDGE MICHAEL WARREN

---

THE LOBB LAW FIRM
JOSEPH R. LOBB (P26009)
DANIELA. GROVES (P74026)
Attorneys for Plaintiff
30555 Southfield Road, Suite 440
Southfield, MI 48076
248-591-4090; 248-591-4089 (fax)

---

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.*

### COMPLAINT

NOW COMES Plaintiff, Gerald Evans, by and through his attorneys, THE LOBB LAW FIRM, and for his Complaint states the following:

### GENERAL ALLEGATIONS

1.      Plaintiff, Gerald Evans, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      Defendant, Jonathon Wilkinson, is believed to be a resident of the City of Akron, County of Summit County, State of Ohio.

3.      Defendant, J Rayl, Inc., licensed to do business and conducting business in the County of Oakland, State of Michigan, and has their resident agent, Corporate Creations Network,

Inc., 28175 Haggerty Rd., Novi, MI 48377.

4.     Defendant, Ryder Truck Rental, Inc. licensed to do business and conducting business in the County of Oakland, State of Michigan, and has their resident agent, Corporate Creations Network, Inc., 28175 Haggerty Rd., Novi, MI 48377.

5.     The amount in controversy in this cause exceeds Twenty-Five-Thousand ($25,000.00) dollars exclusive of costs, interest and attorney fees.

6.     This lawsuit arises out of an automobile accident, which occurred on 7th of July, 2018, at approximately 6:48 PM, in the City of Bloomfield Township, County of Oakland, State of Michigan.

7.     At said date, time, and place, Plaintiff, Gerald Evans, was driving in a 2002 Saturn SL2 traveling northbound on Telegraph near the intersection of Jo Ann St. immediately prior to the accident.

8.     At said date, time, and place, Defendant, Jonathon Wilkinson, was operating 2014 International TR semi-truck northbound on Telegraph near the intersection of Jo Ann St. immediately prior to the accident.

9.     At said date, time, and place, Defendant, Jonathon Wilkinson, was initiating a wide right turn from outside of the designated turn lane. Plaintiff, Gerald Evans, unseen by the Defendant, was driving in the turn lane. Defendant, Jonathon Wilkinson, failed to properly check for traffic when attempting to make the wide turn, which created the collision with Plaintiff, Gerald Evans. As a result, Plaintiff sustained serious and lasting injuries.

### COUNT I – NEGLIGENCE OF JONATHON WILKINSON

10.     Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

2

11.     Defendant, Jonathon Wilkinson, owed Plaintiff certain duties which Defendant violated, and the violation of these obligations consisted of the following acts of negligence and breaches of duties owed to Plaintiff:

    a.   Violation of MCL 257.627 which provides that:   a person operating a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other conditions then existing; and, no person shall operate a motor vehicle on a highway at a greater speed than that which will permit a stop within the assured clear distance ahead;

    b.   Violation of the duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly the vehicle of Plaintiff;

    c.   Violation of the duty to operate a motor vehicle so as to avoid collision with other vehicles, particularly the vehicle of Plaintiff;

    d.   Violation of the duty to operate a motor vehicle in such a manner as to maintain the same under control, taking into account the grade of highway and general conditions then existing, and to maintain said vehicle so that it could be safely halted;

    e.   Violation of the duty to keep a motor vehicle under control at all times;

    f.   Violation of MCL 257.705, which provides that a person driving a vehicle on a highway shall equip his or her vehicle with brakes adequate to control the movement of, and to stop and hold said vehicle.

    g.   Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, failing to heed such conditions;

    h.   Violation of the duty to yield to oncoming traffic on the highway;

    i.   Failure to stop as indicated by a stop sign before entering an intersection in violation of MCL 257.649;

    j.   Failure to yield the right of way to a vehicle which has entered the intersection in violation of MCL 257.649;

    k.   Failure to obey the instructions of a traffic control device in violation of MCL 500.611;

    l.   Violation of other duties not heretofore mentioned.

12.     Plaintiff further states and alleges that at the time and place set forth above, Defendant, Defendant Driver, did then and there negligently, carelessly and without due regard for the rights of Plaintiff, fail and neglect to control, maintain and operate the above listed motor vehicle, as required, and as specifically set forth in the preceding paragraph of this Complaint.

13.     As a consequence of Defendant, Jonathon Wilkinson's, negligence, Plaintiff sustained serious and lasting injuries.

14.     Plaintiff further sustained injuries generally throughout his entire body, and sustained injuries and aggravations to pre-existing conditions whether known or unknown at the time.

15.     In addition to the physical and mental injuries suffered by Plaintiff, he has also incurred damages both economic and non-economic in nature, including but not limited to lost earnings, and non-economic damages including but not limited to pain, suffering and loss of normal function.

16.     The injuries sustained by Plaintiff constitute a serious impairment of body functions, and/or serious and permanent disfigurements.

## COUNT II - OWNER'S LIABILITY AS TO J. RAYL, INC. & RYDER TRUCK RENTAL, INC.

17.     Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

18.     J. Rayl, Inc. & Ryder Truck Rental, Inc. owed a duty to Plaintiff to entrust the vehicle titled in his name to a reasonably prudent person who would drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff, and further owed a duty to Plaintiff, and others similarly situated, to act with due and reasonable care under all the circumstances.

19.     Contrary to said duties owed to Plaintiff, J. Rayl, Inc. & Ryder Truck Rental, Inc. was negligent in the permission allowing Jonathon Wilkinson to operate their motor vehicle with their

express or implied consent and/or knowledge.

20.     Further, J. Rayl, Inc. & Ryder Truck Rental, Inc. actually or implicitly entrusted the vehicle involved in this accident to Jonathon Wilkinson who, as J. Rayl, Inc. & Ryder Truck Rental, Inc. knew or should have known, was a negligent driver, by reason or lack of skill and judgment; and/or was not qualified to operate said motor vehicle in a wise and prudent manner.

21.     As a consequence of Jonathon Wilkinson's aforementioned negligence in operating the motor vehicle  owned by J. Rayl, Inc. & Ryder Truck Rental, Inc. with their express or implied consent, J. Rayl, Inc. & Ryder Truck Rental, Inc. is liable for Plaintiff's injuries pursuant to MCL 257.401.

22.     As a direct and proximate result of the carelessness and negligence of J. Rayl, Inc. & Ryder Truck Rental, Inc., Plaintiff sustained the injuries as are more particularly described herein.

WHEREFORE, Plaintiff, Gerald Evans, requests judgment against each Defendant in whatever amount in excess of Twenty five Thousand ($25,000.00) dollars as is found to be reasonable and just, plus interest, costs and attorney fees wrongfully sustained by Plaintiff.

Respectfully submitted,

THE LOBB LAW FIRM

/s/Daniel A. Groves
JOSEPH R. LOBB (P26009)
DANIEL A. GROVES (P74026)
Attorneys for Plaintiff
30555 Southfield Road, Suite 440
Southfield, MI 48076
248-591-4090; 248-591-4089 (fax)

Dated:  October 26, 2018

Approved, SCAO

| | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|

| STATE OF MICHIGAN | | CASE NO. |
|---|---|---|
| **JUDICIAL DISTRICT** | **SUMMONS** | 2018-169511-NI |
| 6TH **JUDICIAL CIRCUIT** | | |
| **COUNTY PROBATE** | | |

| Court address | Court telephone no. |
|---|---|
| 1200 Telegraph Road, Pontiac, MI 48340 | (248) 858-0344 |

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| GERALD EVANS | v | J. RAYL, INC. |

Plaintiff's attorney, bar no., address, and telephone no.
JOSEPH R. LOBB (P26009)
DANIEL A. GROVES (P74026)
30555 Southfield Road, Suite 440
Southfield, MI 48076
(248) 591-4090

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____ .

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.                    **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date 10/26/2018 | Expiration date* 01/25/2019 | Court clerk Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

**PROOF OF SERVICE**

| **SUMMONS** |
| Case No. 2018-169511-NI |

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**
I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

OR

☐ **AFFIDAVIT OF PROCESS SERVER**
Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with ___ List all documents served with the summons and complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled   Fee $ | | Signature |
| Incorrect address fee $ | Miles traveled   Fee $ | TOTAL FEE $ | Name (type or print) |
| | | | Title |

Subscribed and sworn to before me on _____ Date , _____ County, Michigan.

My commission expires: _____ Date   Signature: _____ Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____ Attachments

_____ on _____ Day, date, time

| MI Oakland County 6th Circuit Court | **PROOF OF SERVICE** | 2018-169511-NI |
|---|---|---|
| | | EVANS,GERALD,, vs. WILKINSON,JONAT⁺⁻ |

1. At the time of service, I was at least 18 years of age.
2. My email address used to e-serve: **dan@thelobblawfirm.com**
3. I served a copy of the following document(s) indicated below:

Title(s) of documents served:

- **MISCELLANEOUS:** Summons (J. Rayl, Inc.)

- **MISCELLANEOUS:** Summons (Ryder)

- **MISCELLANEOUS:** Summons (Wilkinson)

| Person Served | Service Address | Type | Service Date |
|---|---|---|---|
| Myra Walton | myra@thelobblawfirm.com | e-Serve | 10/26/2018 3:32:00 PM |
| The Lobb Law Firm | | | bdb0d93c-4356-4220-bc76-96c3fe96d0a6 |
| Joseph Lobb | josephrlobb@thelobblawfirm.com | e-Serve | 10/26/2018 3:32:00 PM |
| The Lobb Law Firm | | | 2c725da3-02b0-4ad0-99a5-574c1f5ebd52 |
| Gina Tavi | gina@thelobblawfirm.com | e-Serve | 10/26/2018 3:32:00 PM |
| The Lobb Law Firm | | | 9ad79a3d-eba8-4a54-a70b-82f77a7f6efd |
| Robert Carr | robert@thelobblawfirm.com | e-Serve | 10/26/2018 3:32:00 PM |
| The Lobb Law Firm | | | 093bfa6f-d3af-4821-bf7a-271af5bb19df |
| Daniel Groves | dan@thelobblawfirm.com | e-Serve | 10/26/2018 3:32:00 PM |
| | | | 98e3aaa0-ccf2-489a-a966-2c339810c11b |

TrueFiling created, submitted and signed this proof of service on my behalf through my agreements with TrueFiling. The contents of this proof of service are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

10/26/2018 3:32:00 PM
Date

/s/Myra Walton
Signature

Groves, Daniel (P74026)
Last Name, First Name (Attorney Number)

Firm Name

| MI Oakland County 6th Circuit Court | **PROOF OF SERVICE** | 2018-169511-NI<br>EVANS,GERALD,, vs.<br>WILKINSON,JONATHON,, |
|---|---|---|

1. At the time of service, I was at least 18 years of age.
2. My email address used to e-serve: **melissa.graves@ceflawyers.com**
3. I served a copy of the following document(s) indicated below:

Title(s) of documents served:

- **MISCELLANEOUS: 2SZ8188**

| Person Served | Service Address | Type | Service Date |
|---|---|---|---|
| Melissa Graves | melissa.graves@ceflawyers.com | e-Serve | 12/11/2018 4:38:07 PM |
| Collins Einhorn Farrell PC | | | b68157e3-90c8-425f-aa00-c02c86498438 |
| Theresa Asoklis | theresa.asoklis@ceflawyers.com | e-Serve | 12/11/2018 4:38:07 PM |
| Collins Einhorn Farrell PC | | | 4009d2e9-54fb-4902-b1c5-8da0208396a3 |
| Myra Walton | myra@thelobblawfirm.com | e-Serve | 12/11/2018 4:38:07 PM |
| The Lobb Law Firm | | | c1898aae-52f9-4f1f-8de4-efabbefd922b |
| Joseph Lobb | josephrlobb@thelobblawfirm.com | e-Serve | 12/11/2018 4:38:07 PM |
| The Lobb Law Firm | | | 87b31be3-6e33-4412-b4b5-fbbf79acc65c |
| Gina Tavi | gina@thelobblawfirm.com | e-Serve | 12/11/2018 4:38:07 PM |
| The Lobb Law Firm | | | 097f3cf9-922b-4cc7-a2e0-171037c0aa33 |
| Sheryl Lhamon | sheryl.lhamon@ceflawyers.com | e-Serve | 12/11/2018 4:38:07 PM |
| Collins Einhorn Farrell P.C. | | | dfc6735c-697b-4f6b-a6f5-442f26eb831e |
| Robert Carr | robert@thelobblawfirm.com | e-Serve | 12/11/2018 4:38:07 PM |
| The Lobb Law Firm | | | a34a4d1a-4647-4fb0-af32-b8dbb2f1986a |
| Daniel Groves | dan@thelobblawfirm.com | e-Serve | 12/11/2018 4:38:07 PM |
| | | | 7d591318-28ef-42e5-a987-ea0e40f71a41 |

TrueFiling created, submitted and signed this proof of service on my behalf through my agreements with TrueFiling. The contents of this proof of service are true to the best of my information, knowledge, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

12/11/2018 4:38:07 PM
_____
Date

/s/Sheryl Lhamon
_____
Signature

Graves, Melissa (64646)
_____
Last Name, First Name (Attorney Number)

Collins Einhorn Farrell PC
_____
Firm Name

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

    Plaintiff,

Case No: 2018-169511-NI
Hon. Michael Warren

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL, INC.,

    Defendants.

_____/

THE LOBB LAW FIRM
JOSEPH R. LOBB (26009)
Attorney for Plaintiff
30555 Southfield Road, Suite 440
Southfield, MI 48076
(248) 591-4090

COLLINS EINHORN FARRELL PC
MELISSA E. GRAVES (P64646)
Attorney for Defendant Ryder Truck
Rental, Inc.
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141

_____/

## DEFENDANT RYDER TRUCK RENTAL, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Ryder Truck Rental, Inc. through its attorneys Collins Einhorn Farrell PC, and for its answer to plaintiff's complaint, states as follows:

### GENERAL ALLEGATIONS

1. Answering paragraph 1, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 1, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

2. Answering paragraph 2, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 2, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM

LAW OFFICES COLLINS EINHORN FARRELL PC   4000 Town Center, 9th Floor   Southfield, MI 48075 (248) 355-4141

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM

LAW OFFICES COLLINS EINHORN FARRELL PC   4000 Town Center, 9th Floor   Southfield, MI 48075 (248) 355-4141

3.  Answering paragraph 3, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 3, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

4.  Answering paragraph 4, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegation that it was conducting business in Oakland County during the relevant time frame for lack of sufficient knowledge or information and leaves plaintiff to his proofs.  As to the remaining allegations of paragraph 4, Ryder Truck Rental, Inc. admits same.

5.  Answering paragraph 5, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 5, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

6.  Answering paragraph 6, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 6, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

7.  Answering paragraph 7, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 7, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

8.  Answering paragraph 8, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 8, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

9.  Answering paragraph 9, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 9, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

## COUNT I – NEGLIGENCE OF JONATHON WILKINSON

10. Defendant Ryder Truck Rental, Inc. repeats and realleges each and every answer to the allegations contained in paragraphs 1 through 9 as if set forth hereinafter word for word and paragraph by paragraph.

11. Answering paragraph 11, including subparagraphs (a)-(l), defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 11, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

12. Answering paragraph 12, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 12, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

13. Answering paragraph 13, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 13, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

14. Answering paragraph 14, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 14, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

15. Answering paragraph 15, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 15, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

16. Answering paragraph 16, defendant Ryder Truck Rental, Inc. neither admits nor denies the allegations contained in paragraph 16, for lack of sufficient knowledge or information and leaves plaintiff to his proofs.

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM

LAW OFFICES  COLLINS EINHORN FARRELL PC   4000 Town Center, 9th Floor   Southfield, MI  48075 (248) 355-4141

WHEREFORE, defendant Ryder Truck Rental, Inc. prays this court enter a judgment of no cause for action on plaintiff's complaint and further award defendant costs and attorney fees so wrongfully sustained.

## COUNT II-OWNER'S LIABILITY AS TO J. RAYL, INC.
## & RYDER TRUCK RENTAL, INC.

17. Defendant Ryder Truck Rental, Inc. repeats and realleges each and every answer to the allegations contained in paragraphs 1 through 16 as if set forth hereinafter word for word and paragraph by paragraph.

18. Answering paragraph 18, Defendant Ryder Truck Rental, Inc. admits only those duties imposed by law and denies anything in paragraph 18 that is inconsistent therewith. By way of further response, defendant Ryder Truck Rental, Inc. denies that the Michigan Owner's Liability Statute applies under these circumstances because the vehicle in question was the subject of a long-term lease such that Ryder was not the "owner" of the vehicle.

19. Answering paragraph 19, defendant denies the allegations for the reason that same are untrue. By way of further response, defendant Ryder Truck Rental, Inc. denies as untrue the allegation that this vehicle was "their vehicle" because the vehicle in question was the subject of a long-term lease such that Ryder was not the "owner" as that term is defined in the Michigan Owner's Liability Statute.

20. Answering paragraph 20, defendant denies the allegations for the reason that same are untrue.

21. Answering paragraph 21, defendant denies the allegations for the reason that same are untrue.

- 4 -

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM   LAW OFFICES COLLINS EINHORN FARRELL PC   4000 Town Center, 9th Floor   Southfield, MI 48075 (248) 355-4141

22. Answering paragraph 22, defendant denies the allegations for the reason that same are untrue.

WHEREFORE, defendant Ryder Truck Rental, Inc. prays this court enter a judgment of no cause for action on plaintiff's complaint and further award defendant costs and attorney fees so wrongfully sustained.

<div style="text-align:center;">COLLINS EINHORN FARRELL PC</div>

BY:  /s/ Melissa E. Graves
     MELISSA E. GRAVES (P64646)
     Attorney for Defendant Ryder Truck Rental, Inc.
     4000 Town Center, 9th Floor
     Southfield, MI 48075
Dated: December 11, 2018     (248) 355-4141

FILED    Received for Filing    Oakland County Clerk    12/11/2018 4:38 PM

LAW OFFICES COLLINS EINHORN FARRELL PC    4000 Town Center, 9th Floor    Southfield, MI 48075 (248) 355-4141

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

     Plaintiff,

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL, INC.,

     Defendants.

Case No: 2018-169511-NI
Hon. Michael Warren

_____/

| THE LOBB LAW FIRM | COLLINS EINHORN FARRELL PC |
|---|---|
| JOSEPH R. LOBB (26009) | MELISSA E. GRAVES (P64646) |
| Attorney for Plaintiff | Attorney for Defendant Ryder Truck |
| 30555 Southfield Road, Suite 440 | Rental, Inc. |
| Southfield, MI 48076 | 4000 Town Center, 9th Floor |
| (248) 591-4090 | Southfield, MI 48075 |
| | (248) 355-4141 |

_____/

## DEFENDANT RYDER TRUCK RENTAL, INC'S AFFIRMATIVE DEFENSES

Defendant Ryder Truck Rental, Inc. through its attorneys Collins Einhorn Farrell PC, and for its affirmative defenses states as follows:

1. The claim is barred, in whole or in part, by MCL 500.3135, for the reason that the injuries do not amount to a serious impairment of body function or a permanent serious disfigurement.

2. That the recovery of certain claims, such as any claims pertaining to economic loss, are precluded as a matter of law pursuant to MCL 500.3101 et seq. and defendant Ryder Truck Rental, Inc. reserves its right to file a motion for summary disposition as to such allegations.

- 6 -

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM

LAW OFFICES   COLLINS EINHORN FARRELL PC   4000 Town Center, 9th Floor   Southfield, MI 48075 (248) 355-4141

3.  That the claim is barred, in whole or in part, by the Graves Amendment, 49 USC § 30106(a).

4.  That plaintiff has failed to mitigate his damages.

5.  That the claim may be barred in part by plaintiff's failure to wear a seatbelt as provided by Michigan Law at MCL 257.710e(5).

6.  That plaintiff has failed to state a claim upon which relief can be granted.

7.  That plaintiff's claims against Ryder Truck Rental, Inc. fails because it was not the "owner" of the motor vehicle as defined by the Michigan Owner's Liability Act, MCL 257.401 et seq.

8.  That in the event plaintiff had an impaired ability to function at the time of the accident due to the influence of intoxicating liquor or a controlled substance, plaintiff would be barred from recovering any damages pursuant to MCL 600.2955a.

9.  That all or part of the claim may be barred by the applicable statute of limitations.

10. Defendant Ryder Truck Rental, Inc. asserts that the negligence and/or intentional wrongdoing of non-parties is the sole proximate cause, or at least a contributing cause, of the damages and/or injuries of which plaintiff complains.

11. The sole proximate cause, or in the alternative, contributing cause, of the damages complained of in plaintiff's complaint was the negligence or comparative negligence of plaintiff and that as a result, any recovery by plaintiff in this matter must be reduced in proportion to his degree of negligence and the negligence of others and that plaintiff would be precluded from any recovery for non-economic damages if he is found to be more than 50% at fault.

- 7 -

FILED   Received for Filing   Oakland County Clerk   12/11/2018 4:38 PM

LAW OFFICES COLLINS EINHORN FARRELL PC   4000 Town Center, 9th Floor   Southfield, MI 48075 (248) 355-4141

12. Defendant Ryder Truck Rental, Inc. reserves the right to plead such additional affirmative defenses as may become known to it upon completion of discovery.

COLLINS EINHORN FARRELL PC

BY: /s/ Melissa E. Graves
       MELISSA E. GRAVES (P64646)
       Attorney for Defendants
       4000 Town Center, 9th Floor
       Southfield, MI 48075
       (248) 355-4141

Dated: December 11, 2018

## PROOF OF SERVICE

I hereby certify that on December 11, 2018, I served a true copy of the foregoing document to all parties to the above cause to each of the attorneys of record herein via MiFile Electronic Filing System. Electronic Filing

/s/ Sheryl Lhamon
Sheryl Lhamon

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

GERALD EVANS,

Plaintiff,

-vs-

Case No. 18-169511-NI
Judge Michael Warren

JONATHON WILKINSON,
J. RAYL, INC. and
RYDER TRUCK RENTAL, INC.

Defendants.

---

| | |
|---|---|
| THE LOBB LAW FIRM | FOSTER SWIFT COLLINS & SMITH PC |
| By: Joseph R. Lobb (P26009) | By: Dirk H. Beckwith (P35609) |
| By: Daniel A. Groves (P74026) | Attorneys for Ryder Truck Rental, Inc. |
| Attorneys for Plaintiff | 28411 Northwestern Highway, Suite 500 |
| 30555 Southfield Road, Suite 440 | Southfield, Michigan 48034 |
| Southfield, Michigan 48076 | 248.539.9918 |
| 248.591.4090 | dbeckwith@fosterswift.com |
| josephrlobb@thelobblawfirm.com | |
| dan@thelobblawfirm.com | |

---

### RYDER TRUCK RENTAL, INC.'S INTERROGATORIES
### AND REQUESTS TO ADMIT TO GERALD EVANS

Ryder Truck Rental, Inc. submits these Interrogatories and Requests to Admit to Gerald

Evans to be answered separately, fully in writing, and under oath.

These Interrogatories and Requests for Admissions are submitted pursuant to MCR 2.309

and 2.312, and the information sought must be given, whether secured by you, your agent,

representative or attorney or any other persons who have made this knowledge known to you,

from whom you can get this information and who is competent to testify as to the facts that are

stated. These Interrogatories and Requests for Admissions shall be deemed continuing, and

supplemental answers shall be required immediately upon receipt thereof, as you directly or

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories and Requests for Admissions must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories and Requests for Admissions are served upon you.

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

ANSWER:

### Interrogatory No. 4.

Did Plaintiff undergo any surgical procedures as a result of the incident that allegedly occurred on July 7, 2018?  If so, describe the surgical procedures Plaintiff underwent.

ANSWER:

### Interrogatory No. 5.

Did Plaintiff seek any medical treatment as a result of the incident that allegedly occurred on July 7, 2018?  If so, what is the total amount of Plaintiff's medical expenses that have been incurred to date?

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

Interrogatory No. 6.

Did Plaintiff allegedly miss any time from work as a result of the incident that allegedly

occurred on July 7, 2018?  If so, what is the total amount of Plaintiff's lost wages incurred to date

and when did Plaintiff return to work?

ANSWER:

Request to Admit No. 1.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an

amount in excess of $75,000.00.

ANSWER:

Request to Admit No. 2.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an

amount less than $75,000.00.

ANSWER:

<div style="text-align:right">

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
   Dirk H. Beckwith (P35609)
   Attorneys for Ryder Truck Rental, Inc.
   28411 Northwestern Highway, Suite 500
   Southfield, Michigan 48034
   248.539.9918
   dbeckwith@fosterswift.com

</div>

Dated:  December 20, 2018

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically served on December 20, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and the filing may be accessed through that system.

/s/ Jo Dickinson

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

55870:00002:3977322-1

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

GERALD EVANS,

Plaintiff,

-vs-

JONATHON WILKINSON,
J. RAYL, INC. and
RYDER TRUCK RENTAL, INC.

Defendants.

Case No. 18-169511-NI
Judge Michael Warren

_____

THE LOBB LAW FIRM
By: Joseph R. Lobb (P26009)
By: Daniel A. Groves (P74026)
Attorneys for Plaintiff
30555 Southfield Road, Suite 440
Southfield, Michigan 48076
248.591.4090
josephrlobb@thelobblawfirm.com
dan@thelobblawfirm.com

FOSTER SWIFT COLLINS & SMITH PC
By: Dirk H. Beckwith (P35609)
Attorneys for Ryder Truck Rental, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

_____

### RYDER TRUCK RENTAL, INC.'S
### SECOND SET OF INTERROGATORIES TO GERALD EVANS

Ryder Truck Rental, Inc., for its Second Set of Interrogatories to Gerald Evans, states as follows:

These Interrogatories are submitted to you pursuant to MCR 2.309 and the information sought must be given, whether secured by you, your agent, representative or attorney or any other persons who have made this knowledge known to you, from whom you can get this information and who is competent to testify as to the facts that are stated. These Interrogatories shall be deemed continuing, and supplemental answers shall be required immediately upon

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

receipt thereof, as you directly or indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories are served upon you.

1.      State your full name, present address, telephone number, date and place of birth, social security number and driver's license number and the state in which it was issued.

ANSWER:

2.      If you have ever used any other name or names other than the name that is used in the Complaint, state the name or names, when used and where used.

ANSWER:

3.      State your residence history for the past five (5) years, giving the following:

(a)     full address;

(b)     owned, rented, leased;

(c)     name and present address of landlord; and

(d)     duration of occupancy.

ANSWER:

4.      State your educational history, giving the following:

(a)     name and address of each school attended;

(b)     dates of attendance;

(c)     highest grade or class that you attained; and

(d)     degree that was conferred.

ANSWER:

5.      State any occupational or employment training, if any, that you have received, formal or informal, and give the following:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(a)     name and place of training facility;

(b)     dates of attendance,

(c)     occupational title, and

(d)     degree or title that was conferred.

ANSWER:

6.      State your employment history, if any, for the past five (5) years, giving the following:

(a)     name and address of each employer;

(b)     dates of employment at each employer;

(c)     type of work at each place of employment;

(d)     reason for termination of each employment; and,

(e)     salary or hourly wage rate at the time of starting and time of terminating each employment.

ANSWER:

7.      Were you employed at the time of the incident described in the Complaint? If so, state the following:

(a)     place and type of employment;

(b)     type of work and title at time of incident;

(c)     salary or hourly wage rate at the time of incident alleged in the Complaint;

(d)     whether you had worked on the date of the incident prior to your illness or injury;

(e)     date that you returned to work following the incident;

(f)     amount of alleged earnings or income resulting from the incident, and attach a verification of same;

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(g)    present salary or hourly wage rate; and

(h)    present type of work and title.

ANSWER:

8.    If you have not returned to full-time employment, please state the date you returned to part-time employment, and the date it is expected that you will return to full time employment.

ANSWER:

9.    State the amount of income that you received from your employment, business or profession for each of the three (3) years immediately preceding the year in which the incident occurred.

ANSWER:

10.    State your marital history, if any, giving the following:

(a)    date and place of each marriage;

(b)    name and present address of each former spouse;

(c)    name, age and present address of children from each marriage; and

(d)    date, place and manner of termination of each marriage.

ANSWER:

11.    State whether you have been convicted of a crime.  If so, further state:

(a)    the nature of said conviction;

(b)    the date;

(c)    the place thereof.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

12.    In your own words, please describe in detail how the incident which is the subject of this lawsuit occurred including relative dates, times and locations of the vehicles involved. (Do not answer "See Complaint").

ANSWER:

13.    If you are claiming that you have permanent injury that affects your earning capacity, please state:

(a)    the nature of your injury;

(b)    how the injury prevents or makes difficult the performance of your work;

(c)    whether a physician has given you a disability rating, and, if so, state the percentage; and

(d)    the name, address and telephone number of said physician.

ANSWER:

14.    Please state whether you are claiming as an element of damages, future loss of earnings or impairment of earning capacity. If so, further state:

(a)    the basis of such claim;

(b)    the amount; and

(c)    the basis upon which you compute such amount.

ANSWER:

15.    Please describe, in detail, the injuries you allegedly sustained, by reason of said incident, setting forth whether you sustained:

(a)    any fractures or dislocation of any bones;

(b)    any abrasions, contusions and/or hematomas;

(c)    any sprains and/or strains of any ligaments and/or muscles;

(d)    any injury to any nerves and/or the nervous system;

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(e)    aggravation of any pre-existing conditions;

(f)    any internal injuries, describe nature of same; and

(g)    any other injuries.

ANSWER:

16.    With reference to any medical treatment, examinations, consultation and/or evaluations for your alleged injuries, please state:

(a)    the name, address and telephone number of each hospital or other place of treatment wherein you have been confined, examined and/or evaluated, and the dates thereof;

(b)    the nature of the treatment rendered;

(c)    the nature of any operative procedures performed and the dates thereof;

(d)    the diagnosis;

(e)    the name, address and telephone number of each physician who has treated, examined and/or evaluated your alleged injuries;

(f)    the number of occasions on which you were treated, examined and/or evaluated by each physician, setting forth the dates of treatment, examination and/or evaluation;

(g)    the nature of the treatment by each physician setting forth whether said treatment was rendered at the doctor's office, at your home, and/or in the hospital;

(h)    the name, address and telephone number of each psychiatrist and/or psychologist with whom you have treated and/or consulted, setting forth the dates of treatment and/or consultations; and

(i)    whether you have in your possession, or anyone acting on your behalf, has copies of records and/or reports relating to care and treatment rendered for your alleged injuries.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

17.     Please state whether you are claiming any of your injuries are of a permanent nature, and, if so, which of said injuries are alleged to be permanent.  Further state the name, address and telephone number of each physician who has advised you of same.

ANSWER:

18.     List any scars and/or other disfigurements which you claim resulted from the incident.

ANSWER:

19.     If you were required to wear a cast, brace, crutch and/or artificial support, please state:

(a)     the name of such cast, brace and/or artificial support;

(b)     a description of same;

(c)     the length of time you were required to wear same; and

(d)     the name, address and telephone number of each physician who prescribed same.

ANSWER:

20.     If X-rays were taken of the alleged injuries, please state:

(a)     the date the x-rays were taken;

(b)     the name, address and telephone number of each clinic, hospital and/or office where the x-rays were taken; and,

(c)     the name, address and telephone number of each person who has present custody of the X-ray films and/or X-ray reports.

ANSWER:

21.     Please state whether you were confined at home, and if so, the dates you were so confined.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

22.     Has any doctor advised you to restrict your activities and, if so, state the name, address and telephone number of the doctor and the activities from which you were restricted.

ANSWER:

23.     Please state the name, address and telephone number of each physician who is presently treating you for the alleged injuries.

ANSWER:

24.     Please state the name, address and telephone number of your family physician.

ANSWER:

25.     Please state whether you have ever been hospitalized prior to and/or subsequent to said incident, other than referred to in your above answers.  If so, further state:

(a)     the name, address and telephone number of each hospital, clinic or other medical institution;

(b)     the dates of confinement;

(c)     the nature of the illness, disease or injury;

(d)     the name, address and telephone number of each treating and/or examining physician; and

(e)     whether you have in your possession, or anyone acting on your behalf, has copies of any reports and/or records relating to said care and treatment.

ANSWER:

26.     Please state, in general, the condition of your health prior to said incident.

ANSWER:

27.     Please state the last time prior to said incident you had a complete physical examination, and the name, address and telephone number of each physician making said examination.

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

ANSWER:

28.     If you were being treated by a physician prior to the date of said incident, please state the name, address and telephone number of said physician and the type of treatment rendered.

ANSWER:

29.     Have you ever been denied any life, health or automobile insurance coverage, or had to pay increased insurance premiums because of any physical infirmity, ailment, disease and/or other cause?

ANSWER:

30.     State whether you have recovered from your alleged injuries and, if so, the approximate date of recovery,

ANSWER:

31.     Please itemize, by name and address, all medical bills paid or incurred by you, in connection with said incident, including, but not limited to: cost of ambulance, cost of X-rays, cost of medicine, cost of surgical apparatus and any and all other costs.

ANSWER:

32.     Please state whether you are claiming as an element of damages future medical expenses. If so, state the amount and the name, address and telephone number of each physician who has advised this amount.

ANSWER:

33.     Please state whether you are claiming any element of damages not heretofore listed, and, if so, state the amount thereof, and the basis for computing same.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

34. Please itemize any other expenses or financial losses which you have paid or incurred which you attribute to said incident.

ANSWER:

35. Please state whether you have ever made a claim for personal injuries. If so, further state:

(a) the date of such claim;

(b) the name and address of each person involved in each such claim;

(c) the nature of your injuries; and

(d) the disposition of said claim.

ANSWER:

36. Please state whether you have ever been involved in any lawsuit or worker's compensation claim which involved a claim for personal injuries.  If so, further state:

(a) the nature of said lawsuit;

(b) the name and address where said claim was filed;

(c) the name and address of the Court wherein said lawsuit was filed;

(d) the name and address of each person involved in said lawsuit and/or claim; and,

(e) the disposition of said lawsuit and/or claim.

ANSWER:

37. Please state whether you have been involved in any accidents either prior to, or subsequent to said incident.  If so, please state:

(a) the place of each said accident;

(b) the date of each said accident;

(c) the nature of any injuries sustained in said accident; and

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(d)     the name, address and telephone number of each physician who treated you for said injuries.

ANSWER:

38.     Please state the name and address of each person known to you or your attorney who has possession and/or control of any model, map, drawing or photograph purporting to show the area, the person, materials, equipment, or other objects involved in said incident.  If so, further state.

(a)     a brief description of such model, map, drawing or photograph; and

(b)     the date when such model, map, drawing or photograph was made.

ANSWER:

39.     Do you know of any documents, papers, books, accounts, letters, photographs, motion pictures, drawings, plans, objects, measurements, written descriptions or other tangible things containing evidence relating to said incident and not previously listed herein?  If so, as to each such item, please state:

(a)     the nature and specific subject matter;

(b)     the date same was made or taken; and

(c)     the name, address and employer of each person making or taking same.

ANSWER:

40.     Have you or anyone acting on your behalf, obtained statements, in any form, from any person regarding the events or happenings that occurred at the scene of said incident?  If so, please state:

(a)     the name, address and telephone number of each person from whom such statements were taken;

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(b)     whether each such person is employed, and, if so, the name and address of each employer;

(c)     the name and address of each person taking such statements;

(d)     whether each statement was taken in writing, orally, or by recording device; and,

(e)     the name and address of each present custodian of each statement.

ANSWER:

41.     Was an investigation made by you or anyone acting on your behalf concerning the circumstances of said incident? If so, please state:

(a)     the name, address and telephone number of each person who made the investigation;

(b)     whether a written report was made of said investigation; and

(c)     the name, address and telephone number of each person who has present custody of each such report.

ANSWER:

42.     Did you or anyone acting on your behalf make and send to any insurance company or public authority a written report of said incident? If so, please state:

(a)     the date of each report;

(b)     the name, address and telephone number of the person who made such report; and

(c)     the name, address and telephone number of the insurance company and of the public authority to which such report was made.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

43.     Do you have knowledge of any written report, statement, memorandum, record of testimony, whether written or oral, and whether prepared by you or anyone acting on your behalf, concerning said incident other than previously set out in these Interrogatories?

ANSWER:

44.     What is the name, address and telephone number of each person who saw or heard, or claims to have seen or heard, any of the events or happenings that occurred.

(a)     immediately before the incident;

(b)     at the time of said incident; and

(c)     immediately after said incident.

ANSWER:

45.     Have you, or anyone acting on your behalf, contacted any expert witness either orally or in writing, concerning any liability, medical or other problem arising out of said incident? If so, please state:

(a)     the name, address and telephone number of each such expert witness;

(b)     the nature of the problem for which each expert was consulted; and

(c)     which of these experts will be called at the trial of this matter.

ANSWER:

46.     Please state the names, addresses and telephone numbers of all persons other than medical witnesses, who have knowledge concerning your claim for injuries known to you or anyone acting on your behalf.

ANSWER:

47.     Please state the number of years you have been a licensed driver, listing all states wherein you have been licensed and the license numbers.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

48.    Please state if you have ever had a driver's license which contained any restrictions of any kind. If so, further state:

(a)    the nature of each restriction; and

(b)    the effective dates of each restriction.

ANSWER:

49.    Please state whether you have ever received a moving violation. If so, please state:

(a)    the nature of each moving violation; and

(b)    the effective dates of each moving violation.

ANSWER:

50.    Please state whether you had consumed any alcoholic beverages, sedatives, tranquilizers, or other drugs and/or medicines during the twenty-four (24) hour period immediately preceding said incident. If so, further state:

(a)    a description of each substance consumed;

(b)    the amount of time over which consumed; and

(c)    if alcohol, the place of consumption and the name,   address and telephone number of each person with whom you were drinking.

ANSWER:

51.    Please state whether you have:

(a)    diabetes;

(b)    fainting spells;

(c)    heart condition;

(d)    any medical disorders;

(e)    eye condition; or

(f)    ear condition.

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

If so, further state:

(a)     dates of affliction;

(b)     a description of the disability and/or condition;

(c)     the name, address and telephone number of each attending physician; and

(d)     whether you have in your possession, or anyone acting on your behalf, has copies of any medical records and/or reports relating to said disability and/or condition.

ANSWER:

52.     Have you applied for no-fault benefits from any insurance company?  If so, please state:

(a)     the date you made the applications;

(b)     the name, address and telephone number of the insurance company;

(c)     the claim number; and

(d)     the name of the adjuster.

ANSWER:

53.     Have you received any worker's compensation benefits as a result of this accident?  If so, please state:

(a)     the date you made the application;

(b)     the name, address and telephone number of the insurance company;

(c)     the claim number;

(d)     the name of the adjuster; and

(e)     the type of and amounts of benefits received.

ANSWER:

54.     Have you made any application for uninsured motorists benefits as a result of this accident? If so, please state:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

(a)      the name, address and telephone number of the insurance company;

(b)      the claim number;

(c)      the name of the adjuster; and

(d)      the amount received.

ANSWER:

55.     At the time of the accident, what was the make and model of the vehicle in which you were an occupant?

ANSWER:

56.     At the time of the accident, were you the driver of the motor vehicle which was involved in the accident.  If not, what is the name, address and telephone number of the driver.

ANSWER:

57.     At the time of the accident, were you the owner of the motor vehicle which was involved in the motor vehicle accident?

ANSWER:

58.     Do you own or lease a cell phone.

ANSWER:

59.     What was your cell phone number at the time of the accident.

ANSWER:

60.     Were you talking on a cell phone at the time of the accident.

ANSWER:

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

FOSTER SWIFT COLLINS & SMITH PC

By /s/ Dirk H. Beckwith
    Dirk H. Beckwith (P35609)
    Attorneys for Ryder Truck Rental, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated:  December 20, 2018

### CERTIFICATE OF SERVICE

    This is to confirm that a copy of the foregoing was electronically served on December 20, 2018.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and the filing may be accessed through that system.

        /s/ Jo Dickinson

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

**SCHEDULING ORDER**

STATE OF MICHIGAN                                                    SO-10-2018-169511-NI
6th JUDICIAL CIRCUIT COURT
1200 N. TELEGRAPH ROAD
PONTIAC, MICHIGAN  48341

        EVANS,GERALD,,                    V    WILKINSON,JONATHON,,

IT IS ORDERED THAT:

- ALL PARTIES SHALL NAME THEIR EXPERTS BY 04/29/2019.

- THIS CASE SHALL BE EVALUATED ON OR ABOUT JUNE      OF 2019.
  THE COURT WILL SEND A CASE EVALUATION NOTICE IN ACCORDANCE
  WITH MCR 2.403(G)(1).

- EACH PARTY SHALL SUBMIT ITS WITNESS LIST AND A LIST OF PROPOSED EXHIBITS TO
  OPPOSING COUNSEL AND THE COURT BY 05/01/2019.

- ALL DISPOSITIVE MOTIONS SHALL BE FILED BY 06/14/2019.
  OTHERWISE, SUCH MOTIONS WILL BE DEEMED WAIVED.

- MOTIONS IN LIMINE SHALL BE HEARD NO LATER THAN 30 DAYS PRIOR TO THE
  SCHEDULED TRIAL DATE.

- DISCOVERY SHALL BE COMPLETED BY  05/31/2019.  ANY DISCOVERY ISSUE REGARDING
  ELECTRONICALLY STORED INFORMATION IS GOVERNED BY MCR 2.401(B)(2)(C) AND MUST
  BE BROUGHT TO THE COURT'S ATTENTION NO LATER THAN 90 DAYS BEFORE THE CLOSE OF
  DISCOVERY; OTHERWISE, THOSE DISCOVERY ISSUES WILL BE DEEMED WAIVED.

- THIS CASE IS SET FOR FINAL PRETRIAL ON 07/30/2019. AT 8:30 A.M.

- THIS CASE IS SET FOR TRIAL ON 09/19/2019. AT 8:30 A.M.

- ALL DEPOSITIONS TO BE USED AT TRIAL SHALL BE PURGED NOT LATER THAN TWO WEEKS
  BEFORE THE TRIAL OR THE OBJECTIONS SHALL BE DEEMED WAIVED.

- IN JURY CASES, PROPOSED JURY INSTRUCTIONS SHALL BE SUBMITTED IN WRITING TO
  THE COURT NOT LESS THAN 7 DAYS PRIOR TO THE SCHEDULED TRIAL DATE.
  IN NON-JURY CASES, TRIAL BRIEFS SHALL BE SUBMITTED ONE WEEK BEFORE
  THE TRIAL DATE.

- THE APPEARANCE OF COUNSEL UPON A PLEADING SHALL BE DEEMED TO BE THE APPEARANCE
  OF EVERY MEMBER OF HIS/HER LAW FIRM.  ADJOURNMENTS OF CASE EVALUATION OR TRIAL
  MUST BE REQUESTED BY MOTION. ANY ADJOURNMENTS AFTER THE FIRST REQUEST SHALL
  REQUIRE THE SIGNATURES OF THE LITIGANTS.

- OBJECTIONS TO THIS SCHEDULE MUST BE MADE WITHIN 14 DAYS OF THE DATE OF THIS
  ORDER OR THEY ARE DEEMED WAIVED.  OBJECTIONS SHALL BE ACCOMPANIED BY A GOOD
  CAUSE SHOWING AND A PROPOSED ALTERNATIVE SCHEDULING ORDER AGREED TO BY ALL
  THE PARTIES.

DATE: 01/05/2019                         /s/MICHAEL WARREN
                                         MICHAEL WARREN
                                         CIRCUIT JUDGE

     ANY QUESTIONS CONCERNING THIS ORDER SHOULD BE DIRECTED TO THE ASSIGNED
     JUDGE'S CLERK.

FILED   Received for Filing   Oakland County Clerk   1/8/2019 10:26 AM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

                    Plaintiff,                                    Case No. 18-169511-NI
                                                                 Hon. Michael Warren
vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL,

                    Defendants.

_____

THE LOBB LAW FIRM
Joseph R. Lobb (P26009)
Daniel A. Groves (P74026)
Attorneys for Plaintiff
30555 Southfield Rd., Suite 440
Southfield, MI 48076
(248) 591-4090
josephrlobb@thelobblawfirm.com
dan@thelobblawfirm.com

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Dirk H. Beckwith (P35609)
Attorneys for Defendant Ryder Truck Rental, Inc.
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
dbeckwith@fosterswift.com

COLLINS EINHORN FARRELL, P.C.
Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
4000 Town Center, 9th Floor
Southfield, MI 48075
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

_____

## <u>STIPULATED ORDER FOR SUBSTITUTION OF ATTORNEYS</u>

At a session of said Court held in the City of Pontiac, County of Oakland, State of Michigan on _____1/15/2019_____

PRESENT: HON. _____MICHAEL WARREN_____

This matter having come before the Court on consent and stipulation and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that Robert L. Baker is hereby substituted in the place and stead of Joseph R. Lobb and Daniel A. Groves of The Lobb Law Firm, as counsel for Plaintiff Gerald Evans in the above-captioned case.

/s/ Michael Warren

CIRCUIT COURT JUDGE
MICHAEL WARREN

AM

I consent to entry of the above order:

*Dirk Beckwith (w/consent)*

DIRK BECKWITH (P35609)
Foster, Swift, Collins & Smith. P.C.
Attorneys for Defendant

*Melissa Fraver*

THERESA ASOKLIS (P42709)
Collins, Einhorn, Farrell, P.C.
Attorneys for Defendant *Ryder Truck Rental, Inc.*

*Daniel A. Groves (w/consent)*

DANIEL A. GROVES (P74026)
The Lobb Law Firm

FILED    Received for Filing    Oakland County Clerk    1/15/2019 8:47 AM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

      Plaintiff,                        Case No: 2018-169511-NI
                                                  Hon. Michael Warren

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL, INC.,

      Defendants.

_____/

## STIPULATED ORDER FOR SUBSTITUTION OF ATTORNEY

At a session of said Court held on:

          1/15/2019

PRESENT: HON.       MICHAEL WARREN
                  Circuit Court Judge

Upon stipulation of counsel, and the Court being otherwise fully advised in the premises;

IT IS HEREBY ORDERED that Dirk H. Beckwith of Foster, Swift, Collins & Smith, P.C.,

28411 Northwestern Hwy., Suite 500, Southfield, MI 48034 is hereby substituted as the attorney of

record for Defendant Ryder Truck Rental, Inc. in the place of attorney Melissa E. Graves.

                                    /s/ Michael Warren

                                _____
Stipulated to:                     Circuit Court Judge    AM
                                  MICHAEL WARREN

*/s/ Melissa E. Graves*
_____
Melissa E. Graves (P64646)
Attorney for Defendant Ryder Truck Rental, Inc.

*/s/ Dirk H. Beckwith w/consent*
_____
Dirk H. Beckwith (P35609)
Substituted Attorney for Ryder Truck Rental, Inc.

*/s/ Robert L. Baker w/consent*
_____
Robert L. Baker (P26418)
Attorney for Plaintiff

FILED   Received for Filing   Oakland County Clerk   1/15/2019 2:40 PM



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

                    Plaintiff,

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL,

                    Defendants.

Case No. 18-169511-NI
Hon. Michael Warren

_____

ROBERT L. BAKER (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI 48167
(734) 455-5300   Fax: (734) 455-5301
rlb@rbakerpc.com  Ass't: pam@rbakerpc.com

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Dirk H. Beckwith (P35609)
Attorneys for Defendant Ryder Truck Rental, Inc.
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
dbeckwith@fosterswift.com

COLLINS EINHORN FARRELL, P.C.
Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
4000 Town Center, 9th Floor
Southfield, MI 48075
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

_____

**PLAINTIFF'S RESPONSE TO REQUESTS TO ADMIT**

FILED   Received for Filing   Oakland County Clerk   1/16/2019 10:41 AM

NOW COMES plaintiff, GERALD EVANS, by and through his attorneys, ROBERT L. BAKER, P.C., and for his Response to Requests to Admit, states as follows:

**Request to Admit No. 1**:  Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

**Response**:   Admitted.


**Request to Admit No. 2**:  Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount in less than $75,000.00.

**Response**:   Denied for the reason it is untrue.

/s/  Robert L. Baker
ROBERT L. BAKER  (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI  48167
(734) 455-5300
rlb@rbakerpc.com

DATED:        January 16, 2019

### CERTIFICATE OF SERVICE

I hereby certify that on January 16, 2019, I served a copy of the foregoing document on the following through the Tyler Odyssey e-file and serve system:

Dirk H. Beckwith (P35609)
Attorneys for Defendant Ryder Truck Rental, Inc.
dbeckwith@fosterswift.com

Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

FILED    Received for Filing    Oakland County Clerk    1/16/2019 10:41 AM

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

GERALD EVANS,

Plaintiff,

-vs-

Case No. 18-169511-NI
Judge Michael Warren

JONATHON WILKINSON,
J. RAYL, INC. and
RYDER TRUCK RENTAL, INC.

Defendants.

---

ROBERT L. BAKER PC
By: Robert L. Baker (P26418)
Attorneys for Gerald Evans
302 West Main Street
Northville, Michigan 48167-1525
734.455.5300
rlb@rbakerpc.com

FOSTER SWIFT COLLINS & SMITH PC
By: Dirk H. Beckwith (P35609)
Attorneys for Ryder Truck Rental Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

---

RYDER TRUCK RENTAL, INC.'s INTERROGATORIES
AND REQUESTS TO ADMIT TO GERALD EVANS

Ryder Truck Rental, Inc. submits these Interrogatories and Requests to Admit to Gerald

Evans to be answered separately, fully in writing, and under oath.

These Interrogatories and Requests for Admissions are submitted pursuant to MCR 2.309

and 2.312, and the information sought must be given, whether secured by you, your agent,

representative or attorney or any other persons who have made this knowledge known to you,

from whom you can get this information and who is competent to testify as to the facts that are

stated. These Interrogatories and Requests for Admissions shall be deemed continuing, and

supplemental answers shall be required immediately upon receipt thereof, as you directly or

indirectly obtain further or different information from the time that the answers are served to the time of trial.

The answers to these Interrogatories and Requests for Admissions must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories and Requests for Admissions are served upon you.

### Interrogatory No. 1.

Is Plaintiff claiming damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

### Interrogatory No. 2.

Has Plaintiff sustained damages, exclusive of interest and costs, in excess of $75,000.00?

ANSWER:

### Interrogatory No. 3.

Describe the nature and extent of Plaintiff's alleged damages.

ANSWER:

### Interrogatory No. 4.

Did Plaintiff undergo any surgical procedures as a result of the incident that allegedly occurred on July 7, 2018? If so, describe the surgical procedures Plaintiff underwent.

ANSWER:

### Interrogatory No. 5.

Did Plaintiff seek any medical treatment as a result of the incident that allegedly occurred on July 7, 2018? If so, what is the total amount of Plaintiff's medical expenses that have been incurred to date?

ANSWER:

## Interrogatory No. 6.

Did Plaintiff allegedly miss any time from work as a result of the incident that allegedly occurred on July 7, 2018?  If so, what is the total amount of Plaintiff's lost wages incurred to date and when did Plaintiff return to work?

ANSWER:

## Request to Admit No. 1.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount in excess of $75,000.00.

ANSWER:

## Request to Admit No. 2.

Admit Plaintiff claims he sustained damages, exclusive of interest and costs, in an amount less than $75,000.00.

ANSWER:

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
    Dirk H. Beckwith (P35609)
    Attorneys for Ryder Truck Rental, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated:  January 16, 2019

<u>CERTIFICATE OF SERVICE</u>

This is to confirm that a copy of the foregoing was electronically served on January 16, 2019.  Notice of this filing will be sent by email to rlb@rbakerpc.com.

/s/ Jo Dickinson

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

GERALD EVANS,

Plaintiff,

-vs-

Case No. 18-169511-NI
Judge Michael Warren

JONATHON WILKINSON,
J. RAYL, INC. and
RYDER TRUCK RENTAL, INC.

Defendants.

---

ROBERT L. BAKER PC
By: Robert L. Baker (P26418)
Attorneys for Gerald Evans
302 West Main Street
Northville, Michigan 48167-1525
734.455.5300
rlb@rbakerpc.com

FOSTER SWIFT COLLINS & SMITH PC
By: Dirk H. Beckwith (P35609)
Attorneys for Ryder Truck Rental, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

---

## RYDER TRUCK RENTAL, INC.'s
### SECOND SET OF INTERROGATORIES TO GERALD EVANS

Ryder Truck Rental, Inc., for its Interrogatories to Gerald Evans, states as follows:

These Interrogatories are submitted to you pursuant to MCR 2.309 and the information sought must be given, whether secured by you, your agent, representative or attorney or any other persons who have made this knowledge known to you, from whom you can get this information and who is competent to testify as to the facts that are stated. These Interrogatories shall be deemed continuing, and supplemental answers shall be required immediately upon receipt thereof, as you directly or indirectly obtain further or different information from the time that the answers are served to the time of trial.



The answers to these Interrogatories must be served upon the undersigned attorneys within twenty-eight (28) days from the date that these Interrogatories are served upon you.

1.      State your full name, present address, telephone number, date and place of birth, social security number and driver's license number and the state in which it was issued.

ANSWER:

2.      If you have ever used any other name or names other than the name that is used in the Complaint, state the name or names, when used and where used.

ANSWER:

3.      State your residence history for the past five (5) years, giving the following:

(a)     full address;

(b)     owned, rented, leased;

(c)     name and present address of landlord; and

(d)     duration of occupancy.

ANSWER:

4.      State your educational history, giving the following:

(a)     name and address of each school attended;

(b)     dates of attendance;

(c)     highest grade or class that you attained; and

(d)     degree that was conferred.

ANSWER:

5.      State any occupational or employment training, if any, that you have received, formal or informal, and give the following:

(a)     name and place of training facility;

(b)     dates of attendance,

 (c) occupational title, and

 (d) degree or title that was conferred.

ANSWER:

 6. State your employment history, if any, for the past five (5) years, giving the following:

 (a) name and address of each employer;

 (b) dates of employment at each employer;

 (c) type of work at each place of employment;

 (d) reason for termination of each employment; and,

 (e) salary or hourly wage rate at the time of starting and time of terminating each employment.

ANSWER:

 7. Were you employed at the time of the incident described in the Complaint? If so, state the following:

 (a) place and type of employment;

 (b) type of work and title at time of incident;

 (c) salary or hourly wage rate at the time of incident alleged in the Complaint;

 (d) whether you had worked on the date of the incident prior to your illness or injury;

 (e) date that you returned to work following the incident;

 (f) amount of alleged earnings or income resulting from the incident, and attach a verification of same;

 (g) present salary or hourly wage rate; and

 (h) present type of work and title.

ANSWER:

8.      If you have not returned to full-time employment, please state the date you returned to part-time employment, and the date it is expected that you will return to full time employment.

ANSWER:

9.      State the amount of income that you received from your employment, business or profession for each of the three (3) years immediately preceding the year in which the incident occurred.

ANSWER:

10.     State your marital history, if any, giving the following:

(a)     date and place of each marriage;

(b)     name and present address of each former spouse;

(c)     name, age and present address of children from each marriage; and

(d)     date, place and manner of termination of each marriage.

ANSWER:

11.     State whether you have been convicted of a crime. If so, further state:

(a)     the nature of said conviction;

(b)     the date;

(c)     the place thereof.

ANSWER:

12.     In your own words, please describe in detail how the incident which is the subject of this lawsuit occurred including relative dates, times and locations of the vehicles involved. (Do not answer "See Complaint").

ANSWER:

13.     If you are claiming that you have permanent injury that affects your earning capacity, please state:

(a)     the nature of your injury;

(b)     how the injury prevents or makes difficult the performance of your work;

(c)     whether a physician has given you a disability rating, and, if so, state the percentage; and

(d)     the name, address and telephone number of said physician.

ANSWER:

14.     Please state whether you are claiming as an element of damages, future loss of earnings or impairment of earning capacity.  If so, further state:

(a)     the basis of such claim;

(b)     the amount; and

(c)     the basis upon which you compute such amount.

ANSWER:

15.     Please describe, in detail, the injuries you allegedly sustained, by reason of said incident, setting forth whether you sustained:

(a)     any fractures or dislocation of any bones;

(b)     any abrasions, contusions and/or hematomas;

(c)     any sprains and/or strains of any ligaments and/or muscles;

(d)     any injury to any nerves and/or the nervous system;

(e)     aggravation of any pre-existing conditions;

(f)     any internal injuries, describe nature of same; and

(g)     any other injuries.

ANSWER:

16.     With reference to any medical treatment, examinations, consultation and/or evaluations for your alleged injuries, please state:

(a)     the name, address and telephone number of each hospital or other place of treatment wherein you have been confined, examined and/or evaluated, and the dates thereof;

(b)     the nature of the treatment rendered;

(c)     the nature of any operative procedures performed and the dates thereof;

(d)     the diagnosis;

(e)     the name, address and telephone number of each physician who has treated, examined and/or evaluated your alleged injuries;

(f)     the number of occasions on which you were treated, examined and/or evaluated by each physician, setting forth the dates of treatment, examination and/or evaluation;

(g)     the nature of the treatment by each physician setting forth whether said treatment was rendered at the doctor's office, at your home, and/or in the hospital;

(h)     the name, address and telephone number of each psychiatrist and/or psychologist with whom you have treated and/or consulted, setting forth the dates of treatment and/or consultations; and

(i)     whether you have in your possession, or anyone acting on your behalf, has copies of records and/or reports relating to care and treatment rendered for your alleged injuries.

ANSWER:

17.     Please state whether you are claiming any of your injuries are of a permanent nature, and, if so, which of said injuries are alleged to be permanent.  Further state the name, address and telephone number of each physician who has advised you of same.

ANSWER:

18.    List any scars and/or other disfigurements which you claim resulted from the incident.

ANSWER:

19.    If you were required to wear a cast, brace, crutch and/or artificial support, please state:

(a)    the name of such cast, brace and/or artificial support;

(b)    a description of same;

(c)    the length of time you were required to wear same; and

(d)    the name, address and telephone number of each physician who prescribed same.

ANSWER:

20.    If X-rays were taken of the alleged injuries, please state:

(a)    the date the x-rays were taken;

(b)    the name, address and telephone number of each clinic, hospital and/or office where the x-rays were taken; and,

(c)    the name, address and telephone number of each person who has present custody of the X-ray films and/or X-ray reports.

ANSWER:

21.    Please state whether you were confined at home, and if so, the dates you were so confined.

ANSWER:

22.    Has any doctor advised you to restrict your activities and, if so, state the name, address and telephone number of the doctor and the activities from which you were restricted.

ANSWER:

23.     Please state the name, address and telephone number of each physician who is presently treating you for the alleged injuries.

ANSWER:

24.     Please state the name, address and telephone number of your family physician.

ANSWER:

25.     Please state whether you have ever been hospitalized prior to and/or subsequent to said incident, other than referred to in your above answers.  If so, further state:

(a)     the name, address and telephone number of each hospital, clinic or other medical institution;

(b)     the dates of confinement;

(c)     the nature of the illness, disease or injury;

(d)     the name, address and telephone number of each treating and/or examining physician; and

(e)     whether you have in your possession, or anyone acting on your behalf, has copies of any reports and/or records relating to said care and treatment.

ANSWER:

26.     Please state, in general, the condition of your health prior to said incident.

ANSWER:

27.     Please state the last time prior to said incident you had a complete physical examination, and the name, address and telephone number of each physician making said examination.

ANSWER:

28.     If you were being treated by a physician prior to the date of said incident, please state the name, address and telephone number of said physician and the type of treatment rendered.

ANSWER:

29.     Have you ever been denied any life, health or automobile insurance coverage, or had to pay increased insurance premiums because of any physical infirmity, ailment, disease and/or other cause?

ANSWER:

30.     State whether you have recovered from your alleged injuries and, if so, the approximate date of recovery,

ANSWER:

31.     Please itemize, by name and address, all medical bills paid or incurred by you, in connection with said incident, including, but not limited to: cost of ambulance, cost of X-rays, cost of medicine, cost of surgical apparatus and any and all other costs.

ANSWER:

32.     Please state whether you are claiming as an element of damages future medical expenses. If so, state the amount and the name, address and telephone number of each physician who has advised this amount.

ANSWER:

33.     Please state whether you are claiming any element of damages not heretofore listed, and, if so, state the amount thereof, and the basis for computing same.

ANSWER:

34.     Please itemize any other expenses or financial losses which you have paid or incurred which you attribute to said incident.

ANSWER:

35.    Please state whether you have ever made a claim for personal injuries. If so, further state:

(a)    the date of such claim;

(b)    the name and address of each person involved in each such claim;

(c)    the nature of your injuries; and

(d)    the disposition of said claim.

ANSWER:

36.    Please state whether you have ever been involved in any lawsuit or worker's compensation claim which involved a claim for personal injuries. If so, further state:

(a)    the nature of said lawsuit;

(b)    the name and address where said claim was filed;

(c)    the name and address of the Court wherein said lawsuit was filed;

(d)    the name and address of each person involved in said lawsuit and/or claim; and,

(e)    the disposition of said lawsuit and/or claim.

ANSWER:

37.    Please state whether you have been involved in any accidents either prior to, or subsequent to said incident. If so, please state:

(a)    the place of each said accident;

(b)    the date of each said accident;

(c)    the nature of any injuries sustained in said accident; and

(d)    the name, address and telephone number of each physician who treated you for said injuries.

ANSWER:

38.     Please state the name and address of each person known to you or your attorney who has possession and/or control of any model, map, drawing or photograph purporting to show the area, the person, materials, equipment, or other objects involved in said incident.  If so, further state.

(a)     a brief description of such model, map, drawing or photograph; and

(b)     the date when such model, map, drawing or photograph was made.

ANSWER:

39.     Do you know of any documents, papers, books, accounts, letters, photographs, motion pictures, drawings, plans, objects, measurements, written descriptions or other tangible things containing evidence relating to said incident and not previously listed herein?  If so, as to each such item, please state:

(a)     the nature and specific subject matter;

(b)     the date same was made or taken; and

(c)     the name, address and employer of each person making or taking same.

ANSWER:

40.      Have you or anyone acting on your behalf, obtained statements, in any form, from any person regarding the events or happenings that occurred at the scene of said incident?  If so, please state:

(a)     the name, address and telephone number of each person from whom such statements were taken;

(b)     whether each such person is employed, and, if so, the name and address of each employer;

(c)     the name and address of each person taking such statements;

(d)     whether each statement was taken in writing, orally, or by recording device; and,

(e)     the name and address of each present custodian of each statement.

ANSWER:

41.     Was an investigation made by you or anyone acting on your behalf concerning the circumstances of said incident?  If so, please state:

(a)     the name, address and telephone number of each person who made the investigation;

(b)     whether a written report was made of said investigation; and

(c)     the name, address and telephone number of each person who has present custody of each such report.

ANSWER:

42.     Did you or anyone acting on your behalf make and send to any insurance company or public authority a written report of said incident?  If so, please state:

(a)     the date of each report;

(b)     the name, address and telephone number of the person who made such report; and

(c)     the name, address and telephone number of the insurance company and of the public authority to which such report was made.

ANSWER:

43.     Do you have knowledge of any written report, statement, memorandum, record of testimony, whether written or oral, and whether prepared by you or anyone acting on your behalf, concerning said incident other than previously set out in these Interrogatories?

ANSWER:

44.     What is the name, address and telephone number of each person who saw or heard, or claims to have seen or heard, any of the events or happenings that occurred.

(a)    immediately before the incident;

(b)    at the time of said incident; and

(c)    immediately after said incident.

ANSWER:

45.    Have you, or anyone acting on your behalf, contacted any expert witness either orally or in writing, concerning any liability, medical or other problem arising out of said incident? If so, please state:

(a)    the name, address and telephone number of each such expert witness;

(b)    the nature of the problem for which each expert was consulted; and

(c)    which of these experts will be called at the trial of this matter.

ANSWER:

46.    Please state the names, addresses and telephone numbers of all persons other than medical witnesses, who have knowledge concerning your claim for injuries known to you or anyone acting on your behalf.

ANSWER:

47.    Please state the number of years you have been a licensed driver, listing all states wherein you have been licensed and the license numbers.

ANSWER:

48.    Please state if you have ever had a driver's license which contained any restrictions of any kind.  If so, further state:

(a)    the nature of each restriction; and

(b)    the effective dates of each restriction.

ANSWER:

49.    Please state whether you have ever received a moving violation.  If so, please state:

    (a)    the nature of each moving violation; and

    (b)    the effective dates of each moving violation.

ANSWER:

50.    Please state whether you had consumed any alcoholic beverages, sedatives, tranquilizers, or other drugs and/or medicines during the twenty-four (24) hour period immediately preceding said incident. If so, further state:

    (a)    a description of each substance consumed;

    (b)    the amount of time over which consumed; and

    (c)    if alcohol, the place of consumption and the name,  address and telephone number of each person with whom you were drinking.

ANSWER:

51.    Please state whether you have:

    (a)    diabetes;

    (b)    fainting spells;

    (c)    heart condition;

    (d)    any medical disorders;

    (e)    eye condition; or

    (f)    ear condition.

If so, further state:

    (a)    dates of affliction;

    (b)    a description of the disability and/or condition;

    (c)    the name, address and telephone number of each attending physician; and

    (d)    whether you have in your possession, or anyone acting on your behalf, has copies of any medical records and/or reports relating to said disability and/or condition.

ANSWER:

52.    Have you applied for no-fault benefits from any insurance company? If so, please state:

(a)    the date you made the applications;

(b)    the name, address and telephone number of the insurance company;

(c)    the claim number; and

(d)    the name of the adjuster.

ANSWER:

53.    Have you received any worker's compensation benefits as a result of this accident? If so, please state:

(a)    the date you made the application;

(b)    the name, address and telephone number of the insurance company;

(c)    the claim number;

(d)    the name of the adjuster; and

(e)    the type of and amounts of benefits received.

ANSWER:

54.    Have you made any application for uninsured motorists benefits as a result of this accident? If so, please state:

(a)    the name, address and telephone number of the insurance company;

(b)    the claim number;

(c)    the name of the adjuster; and

(d)    the amount received.

ANSWER:

55.     At the time of the accident, what was the make and model of the vehicle in which you were an occupant?

ANSWER:

56.     At the time of the accident, were you the driver of the motor vehicle which was involved in the accident.  If not, what is the name, address and telephone number of the driver.

ANSWER:

57.     At the time of the accident, were you the owner of the motor vehicle which was involved in the motor vehicle accident?

ANSWER:

58.     Do you own or lease a cell phone.

ANSWER:

59.     What was your cell phone number at the time of the accident.

ANSWER:

60.     Were you talking on a cell phone at the time of the accident.

ANSWER:

                              FOSTER SWIFT COLLINS & SMITH PC

                              By /s/ Dirk H. Beckwith
                                 Dirk H. Beckwith (P35609)
                                 Attorneys for Ryder Truck Rental, Inc.
                                 28411 Northwestern Highway, Suite 500
                                 Southfield, Michigan 48034
                                 248.539.9918
                                 dbeckwith@fosterswift.com

Dated:  January 16, 2019

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically served on January 16, 2019. Notice of this filing will be sent by email to rlb@rbakerpc.com.

/s/ Jo Dickinson _____

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

               Plaintiff,

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL,

               Defendants.

Case No. 18-169511-NI
Hon. Michael Warren

_____

ROBERT L. BAKER (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI 48167
(734) 455-5300   Fax: (734) 455-5301
rlb@rbakerpc.com  Ass't: pam@rbakerpc.com

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Dirk H. Beckwith (P35609)
Attorneys for Defendant Ryder Truck Rental, Inc.
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
dbeckwith@fosterswift.com

COLLINS EINHORN FARRELL, P.C.
Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
4000 Town Center, 9th Floor
Southfield, MI 48075
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

_____

## PLAINTIFF'S EX PARTE MOTION
## TO EXTEND LIFE OF SUMMONS AND AFFIDAVIT

Plaintiff, by counsel, pursuant to MCR 2.102(D), moves the Court ex parte to

FEE

FILED  Received for Filing  Oakland County Clerk  1/22/2019 8:00 AM

enter its order directing that a second summons be issued in this action as to

defendants J. Rayl, Inc., and Jonathon Wilkinson, and that the date of expiration on the

second summons be assigned by the Court.  This Motion being based upon the

accompanying Affidavit attached hereto.

<div style="margin-left: 40%;">

/s/  Robert L. Baker
ROBERT L. BAKER  (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI  48167
(734) 455-5300
rlb@rbakerpc.com

</div>

DATED:       January 18, 2019

FILED   Received for Filing   Oakland County Clerk   1/22/2019 8:00 AM

## AFFIDAVIT OF ROBERT L. BAKER

STATE OF MICHIGAN      )
                                 ) ss.
COUNTY OF OAKLAND    )

Robert L. Baker, having been duly sworn says:

1. Affiant is counsel for Plaintiff and assumed representation of plaintiff on January 15, 2019, pursuant to a Stipulated Order for Substitution of Attorneys entered on that date, and makes this affidavit on personal knowledge.

2. On October 26, 2018, Plaintiff's Complaint was filed by his previous counsel, at which time this Court issued original summonses directing Defendants to appear or otherwise defend.

3. That the Complaint was filed within the statute of limitations, being July 25, 2021.

4. Plaintiff's counsel has received a copy of his previous attorney's file, however, there is no indication as to what attempts have been made to serve Defendants Wilkinson and J. Rayl, Inc.  Defendant Ryder Truck Rental, Inc., was served and has appeared in this action.

5. That both of the above-named defendants are located in Akron, Ohio, and plaintiff is in the process of making arrangements for service on said defendants.

6. The current Summons is set to expire on January 25, 2019.

7. As stated above, the statute of limitations in this matter expires on July 25, 2021, and no party will be prejudiced by the issuance of a second Summons.

8. An additional period of time not to exceed ninety days necessary in order for Plaintiff to accomplish service of process upon the Defendants.

9. If sworn as a witness, Affiant can testify competently to the facts stated in this affidavit.

/s/  Robert L. Baker
Robert L. Baker

Subscribed and sworn before me
on January 18, 2019.

/s/ Pamela McCormick
PAMELA McCORMICK, Notary Public
Oakland County, Michigan
My Commission Expires: 1/16/2021
Acting in Wayne County, Michigan

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2019, I served a copy of the foregoing document on the following through the Mi-File e-file and serve system:

Dirk H. Beckwith (P35609)
Attorney for Defendant Ryder Truck Rental, Inc.
dbeckwith@fosterswift.com

Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

/s/ Pamela McCormick
PAMELA McCORMICK
Assistant to Robert L. Baker
302 W. Main St.
Northville, MI 48167
(734) 455-5300
pam@rbakerpc.com

FILED    Received for Filing    Oakland County Clerk    1/22/2019 8:00 AM

STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

                Plaintiff,

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL,

                Defendants.

Case No. 18-169511-NI
Hon. Michael Warren

---

ROBERT L. BAKER (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI 48167
(734) 455-5300   Fax: (734) 455-5301
rlb@rbakerpc.com   Ass't: pam@rbakerpc.com

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Dirk H. Beckwith (P35609)
Attorneys for Defendant Ryder Truck Rental, Inc.
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
dbeckwith@fosterswift.com

COLLINS EINHORN FARRELL, P.C.
Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
4000 Town Center, 9th Floor
Southfield, MI 48075
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

---

## EX PARTE ORDER EXTENDING SUMMONS LIFE

At a session of said Court held in the City of
Pontiac, County of Oakland, State of Michigan
on _____

PRESENT: Hon. _____
                Circuit Court Judge

Document Submitted for Filing to MI Oakland County 6th Circuit Court.

Plaintiff having filed an ex-parte motion to extend summons life pursuant to MCR

2.102(D), and the Court being fully advised in the premises,

IT IS ORDERED the Plaintiff's Motion be and is hereby granted and further that the

Clerk of the Court issue a second summons in the above action with the expiration date

of: _____.


_____
CIRCUIT COURT JUDGE


Order prepared by:
ROBERT L. BAKER (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI 48167
(734) 455-5300
rlb@rbakerpc.com

Document Submitted for Filing to MI Oakland County 6th Circuit Court.



STATE OF MICHIGAN

IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

                      Plaintiff,                        Case No. 18-169511-NI
                                                      Hon. Michael Warren

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL,

                    Defendants.

---

ROBERT L. BAKER (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI 48167
(734) 455-5300    Fax: (734) 455-5301
rlb@rbakerpc.com   Ass't: pam@rbakerpc.com

FOSTER, SWIFT, COLLINS & SMITH, P.C.
Dirk H. Beckwith (P35609)
Attorneys for Defendant Ryder Truck Rental, Inc.
28411 Northwestern Hwy., Suite 500
Southfield, MI 48034
dbeckwith@fosterswift.com

COLLINS EINHORN FARRELL, P.C.
Theresa Asoklis (P42709)
Melissa Graves (P64646)
Attorneys for Defendant
4000 Town Center, 9th Floor
Southfield, MI 48075
theresa.asoklis@ceflawyers.com
melissagraves@ceflawyers.com

---

## EX PARTE ORDER EXTENDING SUMMONS LIFE

At a session of said Court held in the City of
Pontiac, County of Oakland, State of Michigan
on _____1/22/2019_____

                       MICHAEL WARREN
PRESENT: Hon. _____
                Circuit Court Judge

FILED    Received for Filing    Oakland County Clerk    1/22/2019 2:05 PM

Plaintiff having filed an ex-parte motion to extend summons life pursuant to MCR 2.102(D), and the Court being fully advised in the premises,

IT IS ORDERED the Plaintiff's Motion be and is hereby granted and further that the Clerk of the Court issue a second summons in the above action with the expiration date of: February 28, 2019 .

/s/ Michael Warren

CIRCUIT COURT JUDGE

Order prepared by:
ROBERT L. BAKER (P26418)
Attorney for Plaintiff
302 W. Main St.
Northville, MI 48167
(734) 455-5300
rlb@rbakerpc.com

FILED    Received for Filing    Oakland County Clerk    1/22/2019 2:05 PM

FILED   Received for Filing   Oakland County Clerk   1/24/2019 3:17 PM

| SUMMONS |
|---|
| Case No. 2018-169511-NI |

**PROOF OF SERVICE**

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

| ☐ **OFFICER CERTIFICATE** | OR | ☒ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☒ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
    List all documents served with the summons and complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| Jonathon Wilkinson c/o Dirk Beckwith, Attorney | 28411 Northwestern Hwy., Ste. 500 Southfield, MI 48034 | 1-23-19 |
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |
| | | |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee $ | Miles traveled $ | Fee $ | |
|---|---|---|---|
| Incorrect address fee $ | Miles traveled $ | Fee $ | TOTAL FEE $ |

Signature
Pamela McCormick
Name (type or print)
Title

Subscribed and sworn to before me on  1-24-19    ,  Wayne    County, Michigan.
                                        Date

My commission expires:  9-30-21    Signature: _____
                         Date                  Deputy court clerk/Notary public   Jeannine Girard

Notary public, State of Michigan, County of  Wayne

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                    Attachments
_____  on  January 23, 2019
                                Day, date, time
Attorney for Jonathon Wilkinson on behalf of Jonathon Wilkinson

Approved, SCAO

| | | | |
|---|---|---|---|
| | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |

| **STATE OF MICHIGAN** | **SUMMONS** | **CASE NO.** |
|---|---|---|
| **6TH** JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2018-169511-NI |

Court address
1200 Telegraph Road, Pontiac, MI 48340

Court telephone no.
**(248) 858-0344**

Plaintiff's name(s), address(es), and telephone no(s).
**GERALD EVANS**

v

Defendant's name(s), address(es), and telephone no(s).
**JONATHON WILKINSON**

Plaintiff's attorney, bar no., address, and telephone no.
**JOSEPH R. LOBB (P26009)**
**DANIEL A. GROVES (P74026)**
30555 Southfield Road, Suite 440
Southfield, MI 48076
(248) 591-4090

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.  **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10/26/2018 | 01/25/2019 | Lisa Brown |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

FILED   Received for Filing   Oakland County Clerk   1/24/2019 3:17 PM

**PROOF OF SERVICE**

**SUMMONS**
**Case No. 2018-169511-NI**

TO PROCESS SERVER: You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

**CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE**

☐ **OFFICER CERTIFICATE**          OR          ☒ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:  (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that:  (notarization required)

☒ I served personally a copy of the summons and complaint.
☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the summons and complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| J RAYL, INC.<br>c/o Dirk Beckwith, Attorney | 28411 Northwestern Hwy., #500<br>Southfield, MI 48034 | 1-23-19 |
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

I declare under the penalties of perjury that this proof of service has been examined by me and that its contents are true to the best of my information, knowledge, and belief.

| Service fee<br>$ | Miles traveled  Fee<br>$ | |
|---|---|---|
| Incorrect address fee<br>$ | Miles traveled  Fee<br>$ | TOTAL FEE<br>$ |

Signature
Pamela McCormick
Name (type or print)

Title

Subscribed and sworn to before me on  1-24-19
Date                                          Wayne                    County, Michigan.

My commission expires: 9-30-19          Signature: Jeannine Girard
Date                                    Deputy court clerk/Notary public  Jeannine Girard

Notary public, State of Michigan, County of  Wayne

**ACKNOWLEDGMENT OF SERVICE**

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

Dirk H Beckwith          on  January 23, 2019          J Rayl, Inc.
                              Day, date, time
Attorney for J. Rayl, Inc.                    on behalf of  J Rayl, Inc.

FILED    Received for Filing    Oakland County Clerk    1/24/2019 3:16 PM

Approved, SCAO

| | | Original - Court<br>1st copy - Defendant | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|

| **STATE OF MICHIGAN** | | **SUMMONS** | **CASE NO.** |
|---|---|---|---|
| 6TH | JUDICIAL DISTRICT<br>**JUDICIAL CIRCUIT**<br>COUNTY PROBATE | | 2018-169511-NI |

| Court address | Court telephone no. |
|---|---|
| 1200 Telegraph Road, Pontiac, MI 48340 | (248) 858-0344 |

| Plaintiff's name(s), address(es), and telephone no(s).<br>GERALD EVANS | v | Defendant's name(s), address(es), and telephone no(s).<br>J. RAYL, INC. |
|---|---|---|
| Plaintiff's attorney, bar no., address, and telephone no.<br>JOSEPH R. LOBB (P26009)<br>DANIEL A. GROVES (P74026)<br>30555 Southfield Road, Suite 440<br>Southfield, MI 48076<br>(248) 591-4090 | | |

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**

☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. Attached is a completed case inventory (form MC 21) listing those cases.

☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**

☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.

☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to file a written answer with the court and serve a copy on the other party or take other lawful action with the court (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date<br>10/26/2018 | Expiration date*<br>01/25/2019 | Court clerk<br>Lisa Brown |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

FILED   Received for Filing   Oakland County Clerk   1/24/2019 3:16 PM

FILED Received for Filing Oakland County Clerk 2/5/2019 2:43 PM

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

GERALD EVANS,

Plaintiff,

-vs-

Case No. 18-169511-NI
Judge Michael Warren

JONATHAN WILKINSON,
J. RAYL, INC. and RYDER
TRUCK RENTAL, INC.,

Defendants.

---

| | |
|---|---|
| ROBERT L. BAKER PC | FOSTER SWIFT COLLINS & SMITH PC |
| By: Robert L. Baker (P26418) | By: Dirk H. Beckwith (P35609) |
| Attorneys for Plaintiff | Attorneys for Defendants |
| 302 West Main Street | 28411 Northwestern Highway, Suite 500 |
| Northville, Michigan 48167-1525 | Southfield, Michigan 48034 |
| 734.455.5300; 734.335.0967 | 248.539.9918 |
| rlb@rbakerpc.com | dbeckwith@fosterswift.com |

---

### J. RAYL, INC.'s ANSWER TO PLAINTIFF'S COMPLAINT

J. Rayl, Inc., ("J. Rayl") for its Answer to Plaintiff's Complaint states as follows:

### GENERAL ALLEGATIONS

1.      J. Rayl neither admits nor denies the allegations contained in Paragraph 1 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      J. Rayl admits Jonathon Wilkinson is a resident of Akron, Summit County, Ohio.

3.      J. Rayl denies it is licensed to business in Oakland County, Michigan because this allegation is not true; J. Rayl admits, however, it conducts business in Oakland County, Michigan and its resident agent is Corporate Creations Network.

FILED   Received for Filing   Oakland County Clerk   2/5/2019 2:43 PM

4.       J. Rayl neither admits nor denies the allegations contained in Paragraph 4 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.       J. Rayl neither admits nor denies the allegations contained in Paragraph 5 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.       J. Rayl admits the allegations contained in Paragraph 6.

7.       J. Rayl denies the allegations contained in Paragraph 7 because the allegations are not true.

8.       J. Rayl denies the allegations contained in Paragraph 8 because the allegations are not true.

9.       J. Rayl denies the allegations contained in Paragraph 9 because the allegations are not true.

<div align="center">COUNT I –NEGLIGENCE OF JONATHON WILKINSON</div>

10.      J. Rayl adopts by reference its responses to Paragraphs 1 through 9 as if set forth verbatim herein.

11.      J. Rayl admits owing Plaintiff only such duties as are imposed by law.  J. Rayl denies breaching any such duties owed to the Plaintiff.

12.      J. Rayl denies the allegations contained in Paragraph 12 because the allegations are not true.

13.      J. Rayl denies the allegations contained in Paragraph 13 because the allegations are not true.

FILED   Received for Filing   Oakland County Clerk   2/5/2019 2:43 PM

14.　　J. Rayl neither admits nor denies the allegations contained in Paragraph 14 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14.

15.　　J. Rayl neither admits nor denies the allegations contained in Paragraph 15 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15.

16.　　J. Rayl neither admits nor denies the allegations contained in Paragraph 16 because it is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16.

### COUNT II – OWNER'S LIABILITY AS TO J. RAYL, INC. AND RYDER TRUCK RENTAL, INC.

17.　　J. Rayl adopts by reference its responses to Paragraphs 1 through 16 as if set forth herein verbatim.

18.　　J. Rayl admits owing Plaintiff only such duties as are imposed by law.　J. Rayl denies breaching any such duties owed to the Plaintiff.

19.　　J. Rayl denies the allegations contained in Paragraph 19 because the allegations are not true.

20.　　J. Rayl denies the allegations contained in Paragraph 20 because the allegations are not true.

21.　　J. Rayl denies the allegations contained in Paragraph 21 because the allegations are not true.

22.　　J. Rayl denies the allegations contained in Paragraph 22 because the allegations are not true.

55870:00002:4047865-1

WHEREFORE, J. Rayl requests this Court dismiss Plaintiff's Complaint with prejudice and without costs and award J. Rayl its costs and attorney fees so wrongfully sustained.

<div style="text-align: right;">

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
Attorneys for J. Rayl, Inc.
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

</div>

Dated: February 5, 2019.

## AFFIRMATIVE DEFENSES

J. Rayl, for its Affirmative Defenses, state as follows:

1.     J. Rayl claims the rights, privileges and immunities provided under MCLA 500.3101 et seq. being the Michigan No Fault Automobile Insurance Law.

2.     Plaintiff has failed to state a claim upon which relief may be granted and J. Rayl is entitled to judgment of No Cause for Action as a matter of law.

3.     Any claim by the Plaintiff for recovery of economic benefits, damages or payments is barred to the extent provided by the applicable provisions of MCLA 500.3101 et seq.

4.     Plaintiff's claim for wage loss benefits and/or loss of earning capacity is specifically prohibited by Ouellette v Kenealy, 424 Mich 83, 375 NW2d 470 (1985) and, on that basis, Plaintiff has failed to state a claim upon which relief may be granted.

5.     Plaintiff has not sustained injuries amounting to death, serious impairment of body function, or permanent, serious disfigurement within the meaning of MCLA 500.3135(1).

FILED   Received for Filing   Oakland County Clerk   2/5/2019 2:43 PM

FILED   Received for Filing   Oakland County Clerk   2/5/2019 2:43 PM

6.      Plaintiff's injuries have not affected his ability to lead a normal life within the meaning of Michigan's No Fault Act.

7.      The sole, proximate cause of the complained of accident, damages and injuries to the Plaintiff, was the negligence and/or comparative negligence of the Plaintiff himself in failing to make proper observation, in failing to operate his motor vehicle with due cause and circumspection and at a speed and in a manner so as not to endanger or be likely to endanger himself, in failing to use due care, caution, and circumspection with respect to his own health, welfare and safety, and in failing to keep a proper and safe lookout.

8.      J. Rayl denies any negligence on its part whatsoever.

9.      If the Plaintiff suffered any injury or damage as alleged, such damage was caused by the intervening act or acts or omissions of parties other than J. Rayl and said act or acts or omissions superseded any action or omission by J. Rayl of which it might be considered liable to the Plaintiff, and which J. Rayl could not reasonably have foreseen, nor for which it can be held liable in this action.

10.     J. Rayl claims the rights, privileges and immunities as provided in Public Act 178 (1986) or commonly known as the Tort Reform Act of 1986.

11.     The Plaintiff failed to mitigate his damages.

12.     The Plaintiff has violated the dictates of MCLA 257.710(e).

13.     There is no proximate causation between the alleged accident and Plaintiff's injuries, if any.

14.     J. Rayl reserves the right to amend its Affirmative Defenses when the discovery process reveals facts which will properly allow it to do so.

55870:00002:4047865-1

5

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
    Attorneys for Ryder Truck Rental, Inc.
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated: February 5, 2019.

## CERTIFICATE OF SERVICE

    This is to confirm that a copy of the foregoing was electronically filed on February 5, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ Jo Dickinson

FILED   Received for Filing   Oakland County Clerk   2/5/2019 2:43 PM

55870:00002:4047865-1

STATE OF MICHIGAN

OAKLAND COUNTY CIRCUIT COURT

GERALD EVANS,

          Plaintiff,

-vs-

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL, INC.,

          Defendants.

Case No. 18-169511-NI
Judge Michael Warren

| ROBERT L. BAKER PC | FOSTER SWIFT COLLINS & SMITH PC |
|---|---|
| By: Robert L. Baker (P26418) | By: Dirk H. Beckwith (P35609) |
| Attorneys for Gerald Evans | Attorneys for Jonathon Wilkinson |
| 302 West Main Street | 28411 Northwestern Highway, Suite 500 |
| Northville, Michigan 48167-1525 | Southfield, Michigan 48034 |
| 734.455.5300 | 248.539.9918 |
| rlb@rbakerpc.com | dbeckwith@fosterswift.com |

**JONATHAN WILKINSON's ANSWER TO PLAINTIFF'S COMPLAINT**

      JONATHAN WILKINSON ("Wilkinson") for his answer to Plaintiff's Complaint states as follows:

      1.      Wilkinson neither admits nor denies the allegations contained in Paragraph 1 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

      2.      Wilkinson admits he is a resident of Akron, Summit County, Ohio.

      3.      Wilkinson neither admits nor denies the allegations contained in Paragraph 3 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3.

FILED    Received for Filing    Oakland County Clerk    2/5/2019 2:43 PM

FILED   Received for Filing   Oakland County Clerk   2/5/2019 2:43 PM

4.      Wilkinson neither admits nor denies the allegations contained in Paragraph 4 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4.

5.      Wilkinson neither admits nor denies the allegations contained in Paragraph 5 because he is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.      Wilkinson denies the allegations contained in Paragraph 6 because the allegations are not true.

7.      Wilkinson denies the allegations contained in Paragraph 7 because the allegations are not true.

8.      Wilkinson denies the allegations contained in Paragraph 8 because the allegations are not true.

9.      Wilkinson denies the allegations contained in Paragraph 9 because the allegations are not true.

## COUNT I – NEGLIGENCE OF JONATHAN WILKINSON

10.      Wilkinson adopts by reference his responses to Paragraphs 1 through 9 as if set forth herein verbatim.

11.      Wilkinson admits owing Plaintiff only such duties as are imposed by law. Wilkinson denies breaching any such duties owed to the Plaintiff.

12.      Wilkinson denies the allegations contained in Paragraph 12 because the allegations are not true.

13.      Wilkinson denies the allegations contained in Paragraph 13 because the allegations are not true.

FILED    Received for Filing    Oakland County Clerk    2/5/2019 2:43 PM

14.      Wilkinson neither admits nor denies the allegations contained in Paragraph 14 because he is without knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 14.

15.      Wilkinson neither admits nor denies the allegations contained in Paragraph 15 because he is without knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 15.

16.      Wilkinson neither admits nor denies the allegations contained in Paragraph 16 because he is without knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 16.

<div align="center">

**COUNT II – OWNER'S LIABILITY AS TO J. RAYL INC.
& RYDER TRUCK RENTAL, INC.**

</div>

17.      Wilkinson adopts by reference his answers to Paragraphs 1 through 16 as if set forth herein verbatim.

18.      Wilkinson neither admits nor denies the allegations contained in Paragraph 18 because he is without knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 18.

19.      Wilkinson neither admits nor denies the allegations contained in Paragraph 19 because he is without knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 19.

20.      Wilkinson neither admits nor denies the allegations contained in Paragraph 20 because he is without knowledge or information sufficient to form an opinion as to the allegations contained in Paragraph 20.

21.      Wilkinson denies the allegations contained in Paragraph 21 because the allegations are not true.

22.     Wilkinson denies the allegations contained in Paragraph 22 because the allegations are not true.

WHEREFORE, Jonathan Wilkinson requests this Court dismiss Plaintiff's Complaint with prejudice and without costs and award him his attorney fees and costs so wrongfully sustained.

<div style="text-align: right;">

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
Attorneys for Jonathan Wilkinson
28411 Northwestern Highway, Suite 500
Southfield, Michigan 48034
248.539.9918
dbeckwith@fosterswift.com

</div>

Dated: February 5, 2019.

<div style="text-align: center;">

AFFIRMATIVE DEFENSES

</div>

Wilkinson, for its Affirmative Defenses, state as follows:

1.     Wilkinson claims the rights, privileges and immunities provided under MCLA 500.3101 et seq. being the Michigan No Fault Automobile Insurance Law.

2.     Plaintiff has failed to state a claim upon which relief may be granted and Wilkinson is entitled to judgment of No Cause for Action as a matter of law.

3.     Any claim by the Plaintiff for recovery of economic benefits, damages or payments is barred to the extent provided by the applicable provisions of MCLA 500.3101 et seq.

4.     Plaintiff's claim for wage loss benefits and/or loss of earning capacity is specifically prohibited by Ouellette v Kenealy, 424 Mich 83, 375 NW2d 470 (1985) and, on that basis, Plaintiff has failed to state a claim upon which relief may be granted.

5.      Plaintiff has not sustained injuries amounting to death, serious impairment of body function, or permanent, serious disfigurement within the meaning of MCLA 500.3135(1).

6.      Plaintiff's injuries have not affected his ability to lead a normal life within the meaning of Michigan's No Fault Act.

7.      The sole, proximate cause of the complained of accident, damages and injuries to the Plaintiff, was the negligence and/or comparative negligence of the Plaintiff himself in failing to make proper observation, in failing to operate her motor vehicle with due care and circumspection and at a speed and in a manner so as not to endanger or be likely to endanger himself, in failing to use due care, caution, and circumspection with respect to his own health, welfare and safety, and in failing to keep a proper and safe lookout.

8.      Wilkinson denies any negligence on its part whatsoever.

9.      If the Plaintiff suffered any injury or damage as alleged, such damage was caused by the intervening act or acts or omissions of parties other than Wilkinson and said act or acts or omissions superseded any action or omission by Wilkinson of which it might be considered liable to the Plaintiff, and which Wilkinson could not reasonably have foreseen, nor for which it can be held liable in this action.

10.     Wilkinson claims the rights, privileges and immunities as provided in Public Act 178 (1986) or commonly known as the Tort Reform Act of 1986.

11.     The Plaintiff failed to mitigate his damages.

12.     The Plaintiff has violated the dictates of MCLA 257.710(e).

13.     There is no proximate causation between the alleged accident and Plaintiff's injuries, if any.

14.   Wilkinson reserves the right to amend his Affirmative Defenses when the discovery process reveals facts which will properly allow him to do so.

FOSTER SWIFT COLLINS & SMITH PC

By: /s/ Dirk H. Beckwith
    Attorneys for Jonathan Wilkinson
    28411 Northwestern Highway, Suite 500
    Southfield, Michigan 48034
    248.539.9918
    dbeckwith@fosterswift.com

Dated:  February 5, 2019.

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing was electronically filed on February 5, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ Jo Dickinson

2/5/2019 2:43 PM   Oakland County Clerk

FILED   Received for Filing