# EXHIBIT A

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/efiling.

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF OAKLAND

GERALD EVANS,

    Plaintiff,

vs.

JONATHON WILKINSON,
J. RAYL, INC., and
RYDER TRUCK RENTAL, INC.

    Defendants.

2018-169511-NI

Case No. 18-          -NI

Hon. JUDGE MICHAEL WARREN

---

THE LOBB LAW FIRM
JOSEPH R. LOBB (P26009)
DANIEL A. GROVES (P74026)
Attorneys for Plaintiff
30555 Southfield Road, Suite 440
Southfield, MI 48076
248-591-4090; 248-591-4089 (fax)

---

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.*

### COMPLAINT

NOW COMES Plaintiff, Gerald Evans, by and through his attorneys, THE LOBB LAW FIRM, and for his Complaint states the following:

### GENERAL ALLEGATIONS

1. Plaintiff, Gerald Evans, is a resident of the City of Detroit, County of Wayne, State of Michigan.

2. Defendant, Jonathon Wilkinson, is believed to be a resident of the City of Akron, County of Summit County, State of Ohio.

3. Defendant, J Rayl, Inc., licensed to do business and conducting business in the County of Oakland, State of Michigan, and has their resident agent, Corporate Creations Network,

Inc., 28175 Haggerty Rd., Novi, MI 48377.

4. Defendant, Ryder Truck Rental, Inc. licensed to do business and conducting business in the County of Oakland, State of Michigan, and has their resident agent, Corporate Creations Network, Inc., 28175 Haggerty Rd., Novi, MI 48377.

5. The amount in controversy in this cause exceeds Twenty-Five-Thousand ($25,000.00) dollars exclusive of costs, interest and attorney fees.

6. This lawsuit arises out of an automobile accident, which occurred on 7th of July, 2018, at approximately 6:48 PM, in the City of Bloomfield Township, County of Oakland, State of Michigan.

7. At said date, time, and place, Plaintiff, Gerald Evans, was driving in a 2002 Saturn SL2 traveling northbound on Telegraph near the intersection of Jo Ann St. immediately prior to the accident.

8. At said date, time, and place, Defendant, Jonathon Wilkinson, was operating 2014 International TR semi-truck northbound on Telegraph near the intersection of Jo Ann St. immediately prior to the accident.

9. At said date, time, and place, Defendant, Jonathon Wilkinson, was initiating a wide right turn from outside of the designated turn lane. Plaintiff, Gerald Evans, unseen by the Defendant, was driving in the turn lane. Defendant, Jonathon Wilkinson, failed to properly check for traffic when attempting to make the wide turn, which created the collision with Plaintiff, Gerald Evans. As a result, Plaintiff sustained serious and lasting injuries.

## COUNT I – NEGLIGENCE OF JONATHON WILKINSON

10. Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

11. Defendant, Jonathon Wilkinson, owed Plaintiff certain duties which Defendant violated, and the violation of these obligations consisted of the following acts of negligence and breaches of duties owed to Plaintiff:

a. Violation of MCL 257.627 which provides that: a person operating a motor vehicle on a highway shall drive the same at a careful and prudent speed, not greater than nor less than is reasonable and proper, having due regard to the traffic, surface, and width of the highway, and of any other conditions then existing; and, no person shall operate a motor vehicle on a highway at a greater speed than that which will permit a stop within the assured clear distance ahead;

b. Violation of the duty to exercise reasonable care and caution, and to observe other vehicles lawfully upon the roadway, particularly the vehicle of Plaintiff;

c. Violation of the duty to operate a motor vehicle so as to avoid collision with other vehicles, particularly the vehicle of Plaintiff;

d. Violation of the duty to operate a motor vehicle in such a manner as to maintain the same under control, taking into account the grade of highway and general conditions then existing, and to maintain said vehicle so that it could be safely halted;

e. Violation of the duty to keep a motor vehicle under control at all times;

f. Violation of MCL 257.705, which provides that a person driving a vehicle on a highway shall equip his or her vehicle with brakes adequate to control the movement of, and to stop and hold said vehicle.

g. Violation of the duty to keep a proper lookout for traffic conditions then and there existing, or while keeping said lookout, failing to heed such conditions;

h. Violation of the duty to yield to oncoming traffic on the highway;

i. Failure to stop as indicated by a stop sign before entering an intersection in violation of MCL 257.649;

j. Failure to yield the right of way to a vehicle which has entered the intersection in violation of MCL 257.649;

k. Failure to obey the instructions of a traffic control device in violation of MCL 500.611;

l. Violation of other duties not heretofore mentioned.

3

12. Plaintiff further states and alleges that at the time and place set forth above, Defendant, Defendant Driver, did then and there negligently, carelessly and without due regard for the rights of Plaintiff, fail and neglect to control, maintain and operate the above listed motor vehicle, as required, and as specifically set forth in the preceding paragraph of this Complaint.

13. As a consequence of Defendant, Jonathon Wilkinson's, negligence, Plaintiff sustained serious and lasting injuries.

14. Plaintiff further sustained injuries generally throughout his entire body, and sustained injuries and aggravations to pre-existing conditions whether known or unknown at the time.

15. In addition to the physical and mental injuries suffered by Plaintiff, he has also incurred damages both economic and non-economic in nature, including but not limited to lost earnings, and non-economic damages including but not limited to pain, suffering and loss of normal function.

16. The injuries sustained by Plaintiff constitute a serious impairment of body functions, and/or serious and permanent disfigurements.

## COUNT II - OWNER'S LIABILITY AS TO J. RAYL, INC. & RYDER TRUCK RENTAL, INC.

17. Plaintiff hereby incorporates all previous paragraphs by reference as though fully set forth herein.

18. J. Rayl, Inc. & Ryder Truck Rental, Inc. owed a duty to Plaintiff to entrust the vehicle titled in his name to a reasonably prudent person who would drive with care and circumspection so as to reasonably protect the safety, health, life and property of Plaintiff, and further owed a duty to Plaintiff, and others similarly situated, to act with due and reasonable care under all the circumstances.

19. Contrary to said duties owed to Plaintiff, J. Rayl, Inc. & Ryder Truck Rental, Inc. was negligent in the permission allowing Jonathon Wilkinson to operate their motor vehicle with their

express or implied consent and/or knowledge.

20. Further, J. Rayl, Inc. & Ryder Truck Rental, Inc. actually or implicitly entrusted the vehicle involved in this accident to Jonathon Wilkinson who, as J. Rayl, Inc. & Ryder Truck Rental, Inc. knew or should have known, was a negligent driver, by reason or lack of skill and judgment; and/or was not qualified to operate said motor vehicle in a wise and prudent manner.

21. As a consequence of Jonathon Wilkinson's aforementioned negligence in operating the motor vehicle owned by J. Rayl, Inc. & Ryder Truck Rental, Inc. with their express or implied consent, J. Rayl, Inc. & Ryder Truck Rental, Inc. is liable for Plaintiff's injuries pursuant to MCL 257.401.

22. As a direct and proximate result of the carelessness and negligence of J. Rayl, Inc. & Ryder Truck Rental, Inc., Plaintiff sustained the injuries as are more particularly described herein.

WHEREFORE, Plaintiff, Gerald Evans, requests judgment against each Defendant in whatever amount in excess of Twenty five Thousand ($25,000.00) dollars as is found to be reasonable and just, plus interest, costs and attorney fees wrongfully sustained by Plaintiff.

Respectfully submitted,

THE LOBB LAW FIRM

/s/Daniel A. Groves
JOSEPH R. LOBB (P26009)
DANIEL A. GROVES (P74026)
Attorneys for Plaintiff
30555 Southfield Road, Suite 440
Southfield, MI 48076
248-591-4090; 248-591-4089 (fax)

Dated: October 26, 2018